JOHN HARRIS et al., Appellants, *v.* CHARLES A. BURDETT et al., Respondents.

An appeal to this court from an order of General Term granting a new trial, in a case tried by a jury, will not be entertained if any material and controverted question of fact was involved, and the General Term might have granted the new trial upon such question of fact.

The appealability of the order does not depend upon the question whether the new trial was or was not actually granted upon questions of fact. It would not be appealable, although it should conclusively appear that the decision was based upon questions of law only.

This, however, cannot be made conclusively to appear, as the opinion of the court below will not be regarded as conclusive, and there is no authority for inserting in the order the ground of reversal.

{Argued March 19, 1878; decided March 26, 1878.)

MOTION to dismiss appeal from order reversing judgment, entered upon a verdict, and granting a new trial. The facts appear sufficiently in the opinion.

*Samuel Hand*, for motion.

*E. H. McCarthy*, opposed.

Rapallo, J.   On the trial this case was submitted to the jury on the question of fact, whether certain proceedings at St. Thomas, by which the vessel of the plaintiffs was condemned and sold, were honest and fair, or were fraudulent. The jury found for the plaintiffs, and the effect of the verdict was to establish the fraud charged.   The facts were controverted.

The defendants moved upon the minutes for a new trial, on the ground of the insufficiency of the evidence.   The motion was denied and judgment entered on the verdict, and an appeal was taken to the General Term from the order denying a new trial, and also from the judgment.

On those appeals the General Term reversed the judgment and ordered a new trial.   From the opinion, it appears that the reversal was upon the sole ground that a certain decree in admiralty in New York was conclusive upon the plaintiffs as to the validity of the sale at St. Thomas, and a bar to this action.   The question whether the evidence was sufficient to sustain the finding of the jury, that the sale at St. Thomas was fraudulent, was not considered in the opinion, and the court below has inserted in its order of reversal a statement that the reversal was on questions of law solely.   The plaintiffs have appealed to this court, and the defendants now move to dismiss the appeal.

We have repeatedly held that an appeal to this court will not be entertained where the court below has ordered a new trial in a case tried by jury, if any material and controverted question of fact was involved, and the General Term granted, or might have granted, the new trial on such question of fact.   But as considerable misapprehension seems still to exist as to the application of this rule, we will further explain it and the reasons upon which it is founded.

It appears to be supposed by many that the appealability of the order depends upon the question whether the new trial was actually granted upon questions of fact or of law, and that the declaration of the court below that its decision was based upon questions of law only is sufficient to render

the case appealable. But this is an error. In the first place we have often held that we will not regard the opinion as conclusive, inasmuch as the result may have been concurred in by some of the judges on their view of the facts, and there is no authority of law for inserting the ground of reversal in the order, as in the case of trials before the court or a referee ; that it is incumbent upon the appellant to show error in the decision appealed from, and that an order granting a new trial is not shown to be erroneous by showing that there was no valid exception in the case, provided it was in such a condition that the General Term could have reversed upon the facts.

But, aside from these technical grounds, there are other and substantial reasons for the rule. Assuming that the court did actually grant the new trial on a question of law, and that this can be made conclusively to appear ; yet, if the case came before the General Term in such form, and the character of the evidence was such, that a new trial might have been granted on questions of fact, the order is not appealable to this court and should not be. To hold otherwise might result in entirely depriving the party against whom the judgment was rendered, of the review at General Term upon the facts, to which the law entitles him.

The present case affords a good illustration. Suppose this court should differ with the General Term upon the question of law on which its order for a new trial was founded. What judgment should we render ? If we should reverse the order, the consequence would be an affirmance of the judgment entered on the verdict, and in that event the defendants would have a final judgment against them, on the ground that the sale at St. Thomas was fraudulent in fact, without having had any review of the verdict by the General Term upon the evidence, notwithstanding that the law gave them the right to such review, and that they had taken all the steps required to obtain it. If the General Term had not been of the opinion that the decree in admiralty was a legal bar to the action, it would, beyond doubt,

have proceeded to perform its duty of examining the questions of fact, and might have reversed the judgment and granted a new trial, on the ground that the verdict was against the weight of the evidence. By the appeal from the order denying the motion for a new trial on the minutes, the questions of fact were brought legitimately before the General Term, and it must be presumed that it would have passed upon them, had it not been of opinion that the point of law required a reversal of the judgment. If, under such circumstances, this court should finally dispose of cases on appeal from orders granting new trials, it is evident that a mistake by a General Term in respect to a question of law would result in entirely depriving the party against whom the judgment was rendered of any review of the verdict upon the evidence. On these grounds we have repeatedly declined to entertain such appeals.

It may be suggested that this court could hear the appeal, and if it overruled the point of law upon which the new trial was granted, the case might be sent back to be reheard at General Term upon the facts. But there is no precedent for such a practice; it is liable to grave objections, and would be an innovation which we are not inclined to introduce.

Where exceptions have been taken, and a motion for a new trial has also been made upon the minutes or at Special Term, the unsuccessful party may waive any further review upon the facts, and appeal to the General Term from the judgment; and this appeal will bring up the exceptions only. Or, where an appeal is taken from the order refusing a new trial, as well as from the judgment, the General Term may reverse the judgment upon the exceptions, and at the same time affirm the order refusing a new trial upon the facts. In either of the cases supposed, the order of the General Term is appealable. But in no others will such an appeal lie where the trial has been by jury, if controverted and material questions of fact are involved, and a motion for a new trial has been made on the evidence.

The inconvenience and expense of going back for a new trial, when the result may ultimately depend upon a question of law, is invariably urged upon the court in cases of this description; but it must not be overlooked that the inconvenience complained of is not nearly so great a hardship as would be inflicted by rendering a final judgment against a party, upon a verdict which may have been rendered contrary to the weight of the evidence, and which would have been set aside by the court at General Term had it not rested its order granting a new trial upon an erroneous view of the law. It must also be remembered that orders granting new trials are not final orders, and were not appealable to this court until the amendment of the Code, adopted in 1857. The purpose of this amendment was to obviate the inconvenience now alluded to, but the right of appeal was confined, as we have often decided, to cases depending wholly upon questions of law, except where the trial was before a court or referee. We cannot extend it to cases tried before a jury, where questions of fact, as well as law, are involved.

The appellants contend that, although on the trial the case was submitted to the jury, and determined on a controverted question of fact, yet such question of fact was immaterial; that, even if the General Term had been of opinion that the verdict on that question was against the weight of the evidence, the plaintiffs were, nevertheless, entitled to judgment upon the uncontroverted facts, unless the decision of the General Term upon the question of law can be sustained.

If they can make this out to the satisfaction of the court, the order is doubtless appealable, for then no material question of fact is involved, and a new trial would be of no avail. The result would depend wholly upon the question of law.

We have looked into the record to ascertain whether there is any color for this proposition. The appellant's counsel claims that the point should not be determined on a motion, but only on a full hearing, and in this we are inclined to concur with him, and not now to decide the point against

him, unless it is plainly frivolous. Upon an inspection of the return, we find that the case is quite voluminous and somewhat complicated, and that it would require an examination on the merits to decide the point. We have, therefore, concluded to hear the appeal, if the appellants desire to argue it in view of the intimations we have given.

If they elect to proceed with the appeal, it will be incumbent upon them to establish that they can safely abandon the finding of the jury, and were legally entitled to have a verdict directed in their favor. But, if the question of fact upon which the jury passed turns out to have been material, the appeal will still have to be dismissed; and the appellants incur the further hazard, that, if any material exception taken at the trial turns out to have been well founded, whether passed upon in the opinion at General Term or not, the order may be affirmed and judgment absolute rendered against the plaintiffs in pursuance of their stipulation.

Unless the appellants consent to a dismissal of the appeal, the motion is denied, but without costs.

All concur.

Ordered accordingly.