## N. Y. COMMON PLEAS.

CHARLES G. WEBBER, respondent, agt. CHARLES H. TRUAX, as assignee, appellant.

*Appeal by defendant from order of marine court general term, setting aside verdict as against the weight of evidence — Result of — Danger of appealing from such order.*

Where an appeal is taken by defendant, upon stipulation, from an order of the general term of the marine court, setting aside a verdict as against the weight of evidence:

*Held,* that there being a controverted question of fact involved to go to the jury, judgment absolute must be given against the defendant.

The result of this appeal shows the danger of appealing from such an order.

*General Term, April,* 1881.

*C. S. Truax,* for appellant.

*P. & D. Mitchell,* for respondent.

VAN HOESEN, *J.*— The general term of the marine court set aside the verdict as against the weight of evidence, and

Webber agt. Truax.

the defendant appealed from the order and gave the requisite stipulation. If upon the uncontroverted facts the defendant is not entitled as matter of law to judgment in his favor, judgment absolute must be rendered for the plaintiff. The question raised by the pleadings and litigated before the court below is, was the assignment by Neil McCallum & Co., to the plaintiff, of the claims which form the subject of this action, made in fraud of the creditors of Neil McCallum & Co. ? It cannot be said that the evidence on either side leaves the question free from doubt. The jury took one view of the evidence and the marine court, general term, another, and the difference was owing entirely to the fact that what the jury regarded as suspicious circumstances seemed to the general term as devoid of any taint of fraud, and that the witnesses whose testimony the jury rejected were credited by the general term. The counsel for the defendant did not, at the trial, ask the court to direct a verdict in his favor, but that is in effect what he now asks us to do, for he says virtually that there was nothing to go to the jury, and no question of fact to be determined. We think that there was and is a serious question of fact involved, and the result is that we must affirm the order appealed from, and order judgment absolute against the defendant, with costs.

The danger of appealing from an order granting a new trial on the ground that the verdict is against the weight of evidence, is proved by the result of this appeal (*Harris* agt. *Burdett*, 73 *N. Y.*, 136).