AGNES MICKEE, as Administratrix, etc., Appellant, *v.* WALTER A. WOOD MOWING AND REAPING MACHINE COMPANY, Respondent.

144  613<br>150   89

The defendant herein appealed to the General Term from an order denying a motion for a new trial, and also from a judgment in favor of plaintiff entered upon a verdict. The General Term reversed the order and judgment and granted a new trial, stating in the order that the reversal was "for errors of law only. not for errors of fact." *Held*, that the order of General Term was not reviewable here, as it did not show that the court had considered the facts.

In order that the party defeated at General Term in such a case may be heard upon appeal here, it must appear in the General Term order that the order denying a new trial was passed upon and disposed of by an affirmance or dismissal of appeal therefrom.

Reported below, 77 Hun 559.

(Argued January 25, 1895; decided February 5, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 8, 1894, which affirmed an order denying a motion for a new trial, reversed a judgment in favor of plaintiff entered upon a verdict, and granted a new trial.

This was an action of negligence, in which the jury rendered a verdict for the plaintiff for $5,000. The defendant moved for a new trial upon the judge's minutes, which was denied. The defendant appealed from the order denying a a new trial and from the judgment entered in favor of the plaintiff upon the verdict. The General Term ordered "that for errors of law only and not for errors of fact, said order and judgment be, and the same hereby are, in all things reversed and that a new trial be granted herein." Judgment was also entered upon the General Term order. The plaintiff then appealed to this court from the order of the General Term and from the judgment entered thereupon and stipulated for judgment absolute in the event of the affirmance of the order appealed from.

*Olin A. Martin* for appellant. The order of the General Term granting a new trial and reversing the order of the trial court in that respect is reviewable in this court. ( *Van Wycklen* v. *City of Brooklyn,* 118 N. Y. 424; *Chapman* v. *Comstock,* 134 id. 509; *Cooke* v. *U. M. Co.,* 138 id. 610; *Dickson* v. *B., etc., R. R. Co.,* 47 id. 507.)

*G. B. Wellington* for respondent. The order is not appealable. *Dickson* v. *B., etc., Co.,* 47 N. Y. 507; *Harris* v. *Burdett,* 73 id. 136; *Van Wycklen* v. *City of Brooklyn,* 118 id. 424; *Williams* v. *D., L. & W. R. Co.,* 127 id. 644, 646; *Pharis* v. *Gere,* 112 id. 408; *Courtney* v. *Baker,* 60 id. 1; *Chapman* v. *Comstock,* 134 id. 509; *Snebley* v. *Connor,* 78 id. 218.)

Gray, J. It is quite clear that the order of the General Term is not appealable. The defendant by its appeal to the General Term was entitled to have that court pass upon the facts and dispose of the appeal from the order denying a new trial upon the minutes. The statement in the order of the General Term, that the reversal was for errors of law only and not for any error of fact, does not show that the court had considered the facts. The case falls within the authority of *Harris* v. *Burdett* (73 N. Y. 136); where the appeal to the General Term had been, as in this case, from the order denying a new trial and also from the judgment, in a case tried before a jury. There the General Term reversed the judgment and ordered a new trial. Rapallo, J., delivering the opinion of the court, said : " Assuming that the court did actually grant the new trial on a question of law, and that this can be made conclusively to appear; yet, if the case came before the General Term in such form, and the character of the evidence was such, that a new trial might have been granted on questions of fact, the order is not appealable to this court and should not be. To hold otherwise might result in entirely depriving the party, against whom the judgment was rendered, of the review at General Term upon the facts,

to which the law entitles him." The learned judge goes on
to illustrate the result, if this court should differ with the
General Term upon the question of law. He says: "If we
should reverse the order, the consequence would be an affirm-
ance of the judgment entered on the verdict, and in that
event the defendants would have a final judgment against
them  *  *  *  without having had any review of the ver-
dict by the General Term upon the evidence, notwithstanding
that the law gave them the right to such review, and that they
had taken all the steps required to obtain it.  *  *  *  By
the appeal from the order denying the motion for a new trial
on the minutes, the questions of fact were brought legitimately
before the General Term, and it must be presumed that it
would have passed upon them, had it not been of opinion that
the point of law required a reversal of the judgment."

The doctrine in *Harris* v. *Burdett* has been continuously
adhered to in the decisions of this court and was subject to
review as late as in *Chapman* v. *Comstock* (134 N. Y. 509);
where Judge HAIGHT, in the second division of this court,
speaking of the result of a reversal by the General Term and
the consequent affirmance of the judgment of the trial court,
said: "The defendant would have a judgment against him,
entered upon a verdict and affirmed in the court of last resort,
without having his question considered as to whether the ver-
dict was against the weight of evidence."

In order that a defeated party at the General Term, in a
case like the present one, shall be heard upon an appeal here,
it must appear in the order of the General Term that the
order denying the new trial was passed upon and disposed of
by an affirmance, or the appeal therefrom dismissed, as the
case might be; thus concluding the appellant upon all ques-
tions, save those of law, raised by the exceptions in the case.

The appeal should be dismissed, with costs.

All concur, except PECKHAM, J., not sitting.

Appeal dismissed.