WILLIAM M. HOES, as Public Administrator in the City of New York, and as Administrator de Bonis Non of the Goods, Chattels and Credits of CARL BURK, Deceased, Appellant, v. EDISON GENERAL ELECTRIC COMPANY, Respondent.

1. APPEAL TO COURT OF APPEALS FROM ORDER GRANTING NEW TRIAL. An appeal does not lie to the Court of Appeals from an order of General Term reversing, upon the law, a judgment and an order denying a motion for a new trial, in an action tried by a jury, where the motion raised the question whether the verdict was against the weight of evidence.

2. Appellate Jurisdiction not Conferred by Stipulation. The Court of Appeals cannot be empowered by stipulation of parties to entertain an appeal not within its statutory jurisdiction.

3. Non-appealability of Order Granting New Trial — Withdrawal of Appeal. On the trial of an action brought by an administrator to recover damages for the death of his intestate through the negligence of the defendant, the plaintiff recovered a verdict, and the defendant thereupon moved for a new trial on the grounds that the verdict was excessive, contrary to the evidence and contrary to law. The motion was denied, and judgment entered upon the verdict. The defendant appealed to the General Term from the judgment and from the order denying the motion for a new trial. The General Term reversed the judgment and order "upon the law," and granted a new trial. From the order of General Term the plaintiff appealed to the Court of Appeals, with a stipulation for judgment absolute in case of affirmance. The defendant stipulated to waive any objection to the appealability of the order. *Held,* that the Court of Appeals was not authorized to entertain the appeal; but that, instead of dismissing it, the appeal should, under the peculiar circumstances of the case, be permitted to be withdrawn, without costs.

Reported below, 89 Hun, 498.

(Submitted June 15, 1896, decided October 6, 1896.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made October 18, 1895, which reversed a judgment in favor of plaintiff entered upon a verdict, and also reversed an order denying a motion for a new trial, and granted a new trial.

The appellant has stipulated that, if the order appealed from should be affirmed, judgment absolute may be rendered herein against him.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederick W. Holls* and *Frank W. Arnold* for appellant.

*Arthur P. Hodgkins* for respondent.

Martin, J. This action is to recover damages occasioned by the death of the plaintiff's intestate, alleged to have been caused by the defendant's negligence.

On the trial the plaintiff had a verdict. The defendant thereupon moved for a new trial on the ground that the ver-

dict was excessive, contrary to the evidence and contrary to law. The motion was denied. The defendant appealed to the General Term of the first department from the judgment entered upon the verdict and also from the order denying its motion for a new trial. The General Term reversed the judgment and order " upon the law" and granted a new trial, with costs to abide the event.

The first question presented is whether an appeal lies to this court from such an order. The rule seems to be well settled that an order of the General Term granting a new trial in an action tried before a jury, where there is a conflict of evidence, is not reviewable here unless it appears from the record that the order denying a new trial was affirmed as to the facts or the appeal therefrom dismissed. (*Chapman* v. *Comstock*, 134 N. Y. 509, 512, and cases cited.) The same doctrine is held in *Mickee* v. *W. M. & R. M. Co.* (144 N. Y. 613).

As was in effect said in the latter case, the question whether the verdict was against the weight of evidence was directly raised in this case by the motion for a new trial, and the order denying the motion was brought up for review by the General Term.` If this court should reverse the General Term and affirm the judgment of the trial court, the defendant would have a judgment against it without having the question whether the verdict was against the weight of evidence considered. The principle of the cases cited and of many others where the question has arisen in this court is conclusive upon this question.

Therefore, the appeal should be dismissed, unless the stipulation of the defendant, which was presented on the submission of this case, waiving any objection to the appealability of the order or judgment, justifies us in hearing and determining it. As the jurisdiction of this court is only such as is conferred by statute, it cannot be changed or enlarged by the stipulation of parties. (2 Encyclo. of Pleading and Practice, 24.) Moreover, the well-established rules of practice governing appeals

to this court should not be changed or disregarded in individual cases, as it would render the practice varied and uncertain, and result in misunderstanding and confusion.

After due consideration of the question, we are of the opinion that the defendant's stipulation is not sufficient to justify us in entertaining this appeal. But, as the appellant asks to be allowed to withdraw his appeal without costs, we have concluded that under the peculiar circumstances of this case his request should be granted.

Application to withdraw appeal granted, without costs in this court to either party.

All concur.

Ordered accordingly.