DAVID SCHRYER, Appellant, *v.* THEODOCIUS FENTON, Respondent.

APPEAL — REVIEW OF JUDGMENT ENTERED UPON A SPECIAL VERDICT. Section 1338 of the Code of Civil Procedure has no application to a judgment entered upon a verdict, and the Court of Appeals has no jurisdiction to review an order of the Appellate Division reversing a judgment entered upon a special verdict and granting a new trial, when it does not appear that the facts as found by the verdict were affirmed or approved by the Appellate Division.

*Schryer* v. *Fenton*, 15 App. Div. 158, appeal dismissed.

(Argued March 1, 1900; decided April 17, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered

March 9, 1897, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John P. Kellas* for appellant. This appeal being from a judgment reversing a judgment entered upon a determination of the trial court and an order granting a new trial upon such reversal, it must be presumed that the judgment was not reversed and a new trial granted upon a question of fact, but that the reversal was wholly upon errors of law, and that the facts found by the trial· court stand approved by the Appellate Division. (Code Civ. Pro. § 1338; *Bomeisler* v. *Forster*, 154 N. Y. 229; *Petrie* v. *Trustees of Hamilton College*, 158 N. Y. 458; *People* v. *A. R. Co.*, 160 N. Y. 225; *Gannon* v. *McGuire*, 160 N. Y. 476; *Lannon* v. *Lynch*, 160 N. Y. 483.)

*John P. Badger* for respondent.

HAIGHT, J. This action was brought for the wrongful conversion of a quantity of hay. The defendant justified under an execution issued upon a judgment in favor of Stevens and Porter against John S. Martin and James Danford, which was issued to him as constable, and upon which the levy and sale complained of were made. Upon the trial at Circuit there was a special verdict found, upon which judgment was entered in favor of the plaintiff, which has been reversed by the Appellate Division and a new trial granted. Section 1338 of the Code of Civil Procedure has reference to judgments entered upon the report of a referee or the decision of a court and has no application to a judgment entered upon a verdict. (*Henavie* v. *N. Y. C. & H. R. R. R. Co.*, 154 N. Y. 278.) After the verdict the defendant moved for a new trial upon the ground that the verdict was against the evidence. This motion was denied and an exception taken. The Appellate Division has neglected to state whether the reversal was upon

the law or upon the facts. It does not appear that the facts, as found by the verdict, were affirmed or approved by the court. The reversal may have been upon the ground that the verdict was against the weight of the evidence. It consequently follows that this court has no jurisdiction to review the order appealed from. (*Harris* v. *Burdett,* 73 N. Y. 136 ; *Snebley* v. *Conner,* 78 N. Y. 218 ; *Chapman* v. *Comstock,* 134 N. Y. 509 ; *Mickee* v. *W. M. & R. M. Co.,* 144 N. Y. 613 ; *Hoes* v. *Edison G. E. Co.,* 150 N. Y. 87.)

The appeal should be dismissed, with costs.

Parker, Ch. J., O'Brien, Bartlett, Martin and Vann, JJ., concur; Landon, J., not sitting.

Appeal dismissed.