THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.*
JAMES J. O'BRIEN, Respondent.

APPEAL — NON-REVIEWABLE ORDER OF REVERSAL IN CRIMINAL CASE.
An order of reversal in a criminal case, that does not, upon its face,
exclude the possibility that it was based upon an examination of the facts
or made as matter of discretion, presents no question of law reviewable
by the Court of Appeals.

*People* v. *O'Brien*, 48 App. Div. 66, appeal dismissed.

(Argued June 21, 1900 ; decided October 2, 1900.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, made Febru-
ary 9, 1900, reversing a judgment of the Court of General
Sessions convicting the defendant of the crime of assault in
the third degree.

The facts, so far as material, are stated in the opinion.

*Charles E. Le Barbier* for appellant.

*James W. Ridgway* for respondent. There is nothing
before this court to review. Where a judgment of conviction
is reversed on the facts by the Appellate Division, its decision
is not reviewable by this court. (*People* v. *Mitchell*, 142 N.
Y. 639 ; *People* v. *Stevens*, 104 N. Y. 667.) When the order
of the Appellate Division does not state upon what ground the
judgment of conviction was reversed, it is assumed that the
judgment was reversed upon the facts, and the order is not
reviewable before this court. (*People* v. *Boas*, 92 N. Y. 560 ;
*People* v. *Conroy*, 97 N. Y. 62.)

O'BRIEN, J. The defendant was indicted for the offense of
assault in the third degree, and on a trial was convicted by
the jury and sentenced to pay a fine of $50. On appeal to the
Appellate Division the judgment was reversed. The order
of reversal simply states that it was " ordered and adjudged

that the said judgment so appealed from, as aforesaid, be and the same hereby is reversed."

The order does not state upon what ground or for what reason the judgment was reversed. The defendant was entitled to have the facts examined upon the appeal, and we cannot say that the reversal did not proceed upon that ground. If the court below reversed upon some view of the facts, as it might, this court has no power to review the decision since our jurisdiction is expressly limited to questions of law. We have no power to review a judgment of reversal in a criminal case unless it appears affirmatively in the body of the order that the court below has exercised its power and discretion to review the facts, and that, being satisfied with the judgment in that respect, the reversal was ordered for error of law only. Inasmuch as the order in this case does not, upon its face, exclude the possibility that it was based upon an examination of the facts, or made as matter of discretion, no question of law is presented by the appeal. (*Harris* v. *Burdett,* 73 N. Y. 136; *People* v. *Boas,* 92 N. Y. 560; *People* v. *Conroy,* 97 N. Y. 62; *People* v. *Stevens,* 104 N. Y. 667; *People* v. *Mitchell,* 142 N. Y. 639.)

The appeal should, therefore, be dismissed.

PARKER, Ch. J., BARTLETT, VANN, LANDON, CULLEN and WERNER, JJ., concur.

Appeal dismissed.