PASQUALE CAPONIGRI, Respondent, *v.* PASQUALE ALTIERI et al., Appellants.

1. APPEAL — NON-REVIEWABLE ORDER OF APPELLATE DIVISION GRANTING NEW TRIAL. An order of the Appellate Division granting a new trial in an action tried before a jury, where there is a conflict in the evidence and the order may have been based upon the insufficiency of the evidence, is not reviewable by the Court of Appeals, unless it appears from the record that the order denying a new trial was affirmed as to the facts or the appeal therefrom dismissed.

2. ALLOWANCE OF APPEAL FROM NON-REVIEWABLE ORDER DOES NOT
AFFECT ITS DISPOSITION. The allowance by the Appellate Division of
an appeal to the Court of Appeals does not require the adoption of any
different rule in determining the questions thus brought before it from
that enforced in ordinary cases where no such allowance is necessary, and
where the appeal is from an order not reviewable, it must be dismissed
notwithstanding its allowance.

*Caponigri* v. *Altieri,* 29 App. Div. 304, appeal dismissed.

(Argued October 8, 1900; decided November 20, 1900.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered May 23, 1898, reversing a judgment rendered
by the Appellate Term and granting a new trial.

This action was commenced in the City Court of New York.
It was upon a promissory note made on or about December
28, 1893, by the defendant Pasquale Altieri for one thousand
dollars, and was payable to the order of Pietro Altieri, who
indorsed the same before maturity. It was transferred to the
plaintiff, who at the commencement of the action was the law-
ful owner and holder thereof.

The answer admitted the making of the note, but denied it
was for value. It admitted the indorsement before maturity,
denying, however, that the plaintiff was the lawful owner and
holder. As a separate and distinct defense and by way of
counterclaim, the defendants alleged that the note was not
given for a legal consideration, but represented a part of the
principal sum secured by a previous note for three thousand
dollars and various sums usuriously exacted from them in con-
sideration of the plaintiff's forbearing to collect that note. It
also set up the payment of such sums for his forbearance to
collect such debt, that they aggregated the sum of about two
thousand dollars, and demanded judgment against the plaintiff
upon the counterclaim for that amount with interest.

The plaintiff, by his reply, denied the allegations of the
answer, and expressly denied that the note in suit was a part
of the three-thousand-dollar note mentioned therein, and upon
which the defendants alleged that the usurious interest was
taken.

The action was brought in the City Court of the city of New York, and upon the trial there was a direct conflict in the evidence as to whether the one-thousand-dollar note upon which the action was brought was given for a part of the note for three thousand dollars, upon which it was claimed that the plaintiff took a greater sum than six per cent interest. Upon that question the jury found for the defendants, to the effect that it was given in renewal of a part of the three-thousand-dollar note, and rendered a verdict in their favor for one thousand dollars. It having found that the amount they were entitled to recover for usurious interest paid by them was two thousand dollars, it deducted from that amount the amount of the note upon which the action was based, and rendered a verdict for the remainder.

After the verdict, the plaintiff moved to set it aside and for a new trial upon the exceptions and upon the grounds that it was contrary to law, contrary to the evidence, and for all the reasons mentioned in section 999 of the Code of Civil Procedure. That motion was denied, and a judgment against the plaintiff was entered.

The plaintiff thereupon appealed to the General Term of the City Court from the judgment so entered, and also from the order denying his motion to set aside the verdict and for a new trial. That court affirmed the judgment and order.

The plaintiff appealed from the decision of the General Term of that court to the Appellate Term of the Supreme Court, where the judgment of the General Term of the City Court was affirmed. The plaintiff thereupon made application for leave to appeal to the Appellate Division in the first department, which was granted.

In pursuance of such leave the plaintiff appealed to the Appellate Division, where the judgment was reversed and a new trial was granted, with costs to abide the event. The order of reversal contained no provision affirming as to the facts or dismissing the appeal from the order denying the plaintiff's motion for a new trial, but merely reversed the judgment and order of the courts below and granted a new trial

without in any way showing that it was not reversed upon the facts. The plaintiff subsequently made a motion in the Appellate Division for leave to appeal to the Court of Appeals, which was granted.

*H. K. Coddington* and *George C. De Lacy* for appellants.

*Charles W. Dayton* for respondent.

MARTIN, J.   The question whether the verdict was contrary to the evidence was distinctly raised upon the respondent's motion for a new trial made before the trial court. An appeal was taken from the order denying that motion as well as from the judgment, and the determination of the court in denying the motion for a new trial was involved in the appeal to the Appellate Division, where the facts were reviewable in the same manner as upon an appeal from a similar judgment or order of the Supreme Court. (Code Civil Procedure, §§ 1340, 3191.)   If we should now reverse the determination of the Appellate Division and affirm the judgment of the trial court, the plaintiff would have a judgment against him entered upon a verdict and affirmed by this court, without having the question whether the verdict was contrary to evidence considered, and without having the benefit of a new trial, which may have been granted by the court below upon the sole ground that the verdict was not sustained by, or was contrary to the weight of, the evidence.   It is well settled by the decisions of this court that an order of the Appellate Division granting a new trial in an action tried before a jury, where there is a conflict in the evidence and the order may have been based upon the insufficiency of the evidence, is not reviewable by this court unless it appears from the record that the order denying a new trial was affirmed as to the facts or the appeal therefrom dismissed.   ( *Wright* v. *Hunter*, 46 N. Y. 409 ; *Harris* v. *Burdett*, 73 N. Y. 136 ; *Snebley* v. *Conner*, 78 N. Y. 218 ; *Kennicutt* v. *Parmalee*, 109 N. Y. 650 ; *Voisin* v. *Commercial Mut. Ins. Co.*, 123 N. Y. 120, 131 ; *Peil* v. *Reinhart*, 127 N. Y. 381, 385 ; *Williams* v. *D., L.*

& *W. R. R. Co.*, 127 N. Y. 643; *Chapman* v. *Comstock*, 134 N. Y. 509, 512; *Mickee* v. *W. M. & R. M. Co.*, 144 N. Y. 613; *Hoes* v. *Edison General Electric Co.*, 150 N. Y. 87.)

In view of the principle so firmly established by the authorities cited, it becomes obvious that this appeal must be dismissed unless the fact that an order was granted allowing it, changes or adds to the authority of this court or affects the manner of determining the questions involved. If the defendants had possessed the right to appeal as of course, the appeal would be dismissed. Does such an order in any way change the authority of this court or the principles to be applied by it in disposing of appeals when thus allowed? We think not. We are of the opinion that the allowance of this appeal merely placed the appellants in the same position they would have occupied if they had possessed that right without any such order, and that the question must be disposed of in the same manner. In *Commercial Bank* v. *Sherwood* (162 N. Y. 310, 317), where there was an allowance of an appeal under subdivision 2 of section 191 of the Code of Civil Procedure, this court said: " The permission to appeal, under subdivision 2 of section 191, in no way enlarged the jurisdiction of this court with respect to the questions that may be reviewed by it upon a hearing of the appeal," citing *Reed* v. *McCord* (160 N. Y. 330); *Young* v. *Fox* (155 N. Y. 615); *Grannan* v. *Westchester Racing Assn.* (153 N. Y. 449); *Mundt* v. *Glokner* (160 N. Y. 571). We think that the allowance of an appeal by the Appellate Division does not require this court to adopt any different rule in determining the questions which are thus brought before it from that enforced in ordinary cases where no such allowance is necessary.

The appeal should be dismissed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN and LANDON, JJ., concur.

Appeal dismissed.