JULIA F. WRIGHT, as Administratrix of the Estate of FREDERICK W. WRIGHT, Deceased, Appellant, *v.* CHARLES D. SMITH et al., Copartners under the Firm Name of SMITH, SCOTT & COMPANY, Respondents.

Appeal — jurisdiction of Court of Appeals when order of Appellate Division on appeal from judgment in jury trial is silent as to the grounds of reversal.

When the order of the Appellate Division on an appeal from a judgment entered on a jury trial is silent as to the grounds thereof, it must be conclusively presumed that a reversal was not on a question of fact. (Code Civ. Pro. § 1338, amd. L. 1912, ch. 361.) But this court cannot entertain jurisdiction in such a case unless it also affirmatively appears that the order denying the motion for a new trial was affirmed on the facts or the appeal therefrom was dismissed. In jury cases the appeal from the judgment brings up the exceptions only, and the facts can be reviewed only by an appeal from an order denying a motion for a new trial.

*Wright* v. *Smith*, 152 App. Div. 476, appeal dismissed.

(Argued May 19, 1913; decided October 21, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered

September 16, 1912, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial.

This action was brought to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendants, his employers The trial resulted in a verdict for the plaintiff and from the judgment entered thereon and an order denying a motion for a new trial defendants appealed. The Appellate Division reversed the said judgment and order and granted a new trial.

*Don R. Almy* for appellant. The judgment was reversed on a question of law. No question of fact upon which the reversal was made was specified or referred to in any manner in the body of the judgment or order of reversal. It must, therefore, be conclusively presumed that the judgment was not reversed or new trial granted on a question of fact. (Code Civ. Pro. § 1338.)

*George W. Titcomb, James J. Mahoney* and *George J. Stacy* for respondents.

M<small>ILLER</small>, J. The order and judgment of the Appellate Division are silent as to the grounds thereof. It must, therefore, be conclusively presumed that the reversal was not on a question of fact. (Section 1338, Code Civil Procedure, as amended by chap. 361 of the Laws of 1912.) But this court has repeatedly said that it could not entertain jurisdiction in such a case as ·this even though it should conclusively appear that the decision below was based on questions of law only, that it must affirmatively appear that the order denying the motion for a new trial was affirmed on the facts or the appeal therefrom dismissed. (*Wright* v. *Hunter*, 46 N. Y. 409; *Harris* v. *Burdett*, 73 N. Y. 136; *Williams* v. *D., L. & W. R. R. Co.*, 127 N. Y. 643; *Chapman* v. *Comstock*, 134 N. Y. 509; *Mickee* v. *W. M. & R. M. Co.*, 144 N. Y.

613; *Albring* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 287; *Bank of China* v. *Morse*, 168 N. Y. 458; *Allen* v. *Corn Exchange Bank*, 181 N. Y. 278.) In the last case cited Chief Judge CULLEN reviewed the history of appeals from orders granting new trials.

We do not know how to make language more explicit, and yet the attitude of counsel in this case and the amendment of 1912, said to have been recommended by the State Bar Association, indicate that the subject is not understood by the bar. The confusion doubtless results from the failure to perceive the distinction which still exists between cases at law and in equity. Under the Chancery practice the court on appeal granted the judgment which should have been rendered in the first instance and under the Code of Civil Procedure the Appellate Division is required, on an appeal from a judgment entered on the report of a referee or the decision of the court on a trial without a jury, to review all questions of fact and law and is empowered to grant the judgment which the facts warrant. (Code of Civil Procedure, § 993.) A reversal on questions of law only, which is presumed unless the contrary appears, imports that the facts as found by the trial court or the referee are affirmed, and on appeal to this court the questions of law arising on those facts are reviewed. But in jury cases the rule is different. The appeal from the judgment brings up the exceptions only. (Code Civil Procedure, § 1346; *Collier* v. *Collins*, 172 N. Y. 99; *Alden* v. *Knights of Maccabees*, 178 N. Y. 535.) The facts can be reviewed only by an appeal from an order denying a motion for a new trial. (*Thurber* v. *Harlem B., M. & F. R. R. Co.*, 60 N. Y. 326; *Boos* v. *World Mutual Life Ins. Co.*, 64 N. Y. 236.) When the appeal is both from the judgment and an order denying a motion for a new trial the Appellate Division may reverse on the exceptions without passing on the weight of evidence, and in such case, as has often been pointed out, if

this court should entertain the appeal and reverse the judgment of the Appellate Division, it would result in depriving the defeated party of the right which the law gives him to have the facts reviewed by the Appellate Division. With intermediate appellate courts and a final court of law, the practice on appeal is necessarily technical, but the technicalities must be observed to prevent miscarriages of justice. They are not so occult but that they can easily be understood. There is an accurate exposition of the subject in the admirable work of Benjamin N. Cardozo on the jurisdiction of the Court of Appeals. The statute can easily be amended to accomplish the purpose evidently aimed at by those who proposed the amendment of 1912.

The appeal should be dismissed.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT, CHASE, CUDDEBACK and HOGAN, JJ., concur.

Appeal dismissed.