## COURT OF APPEALS,

### June 2, 1914.

## THE PEOPLE v. ISAAC N. WEINER.

### (211 N. Y. 469.)

(1.) LIQUOR TAX LAW—CONSTRUCTION AND EFFECT OF PROVISION PROHIB-
ITING THE SOLICITATION OF ORDERS, IN TOWNS WHERE THE SALE OF
LIQUOR IS PROHIBITED, FOR LIQUOR TO BE SENT TO A PERSON LIVING
IN ANY SUCH TOWN—ORDER OF APPELLATE DIVISION DISMISSING
INDICTMENT FOR VIOLATION OF SUCH PROVISION.

Defendant was indicted for violating subdivision K of sec-
tion 30 of the Liquor Tax Law (Cons. Laws, ch. 34; Laws of 1909,
ch. 39), under which it is a misdemeanor " to solicit, accept or pro-
cure in a town in which a liquor tax certificate is prohibited," pur-
suant to the local option provision of the statute, " an order to
deliver or send to another, or for another, liquor in any quantity,
where the person for whom such liquor is procured resides in any
such town." *Held, first,* that personal guilt on the part of the
offender is necessary to the maintenance of a prosecution under
this subdivision. The defendant must have committed the offense
himself or must personally have authorized another to commit it.
*Second,* that this subdivision contemplates the personal presence
of the defendant or his agent in the no-license town when the
purchase of the liquor is solicited. *Third,* that in order to con-
stitute a violation of the statute, it need not appear that the pur-
chase was to be for the benefit of some person other than the actual
purchaser.

(2.) SAME—WHEN REVIEWABLE IN COURT OF APPEALS ALTHOUGH ORDER
DID NOT CONTAIN STATEMENT THAT APPELLATE DIVISION HAD RE-
VIEWED THE FACTS AND WERE SATISFIED THEREWITH.

The indictment having been dismissed by the Appellate Division,
the order was reviewable in this court, although it did not contain
a statement that the Appellate Division had reviewed the facts and
was satisfied with the judgment so far as the facts were concerned.

*People* v. *Weiner,* 153 App. Div. 541, 28 N. Y. Crim. 456, affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 25, 1912, which reversed a judgment of the Delaware County Court rendered upon a verdict convicting the defendant of a violation of the Liquor Tax Law and dismissed the indictment.

The facts, so far as material, are stated in the opinion.

*Edward E. Conlon, District Attorney (H. J. Hewitt*, of counsel), for appellant. The sending by mail from the city of Kingston to Frisbee in the town of Andes of the letters, circulars and inclosures constituted the crime of soliciting an order for liquor within the meaning of subdivision K of section 30 of the Liquor Tax Law. (36 Cyc. 510, notes 29, 30; 22 Am. & Eng. Ency. of Law, 835, n. 3, 4; Reg. v. Banks, 12 Cox Cr. Cas. 393; 5 Eng. Rep. 471; 4 Am. & Eng. Ency. of Law, 671, 672; Reg. v. Most, 44 L. T. [N. S.] 823.) The soliciting of the order to deliver liquor was in the town of Andes and not in the city of Kingston. (Mactier v. Frith, 6 Wend. 103.) The soliciting of an order in the town of Andes to deliver liquor to the person from whom the order was solicited was the soliciting of an order to deliver liquor to " another " within the meaning of the law, and was a violation of that law. (L. 1909, ch. 39, § 30.)

*C. L. Andrus* for respondent. There was no evidence against defendant justifying the judgment against him. (L. 1909, ch. 39, § 30; Comm. v. Fleming, 130 Penn. St. 138; U. S. v. Luckey, 120 Fed. Rep. 570; Downer v. Thomson, 2 Hill, 137; Ludlow v. Bowne, 1 Johns. 1; Wilcox Silver Plate Co. v. Green, 75 N. Y. 17; Krulder v. Ellison, 47 N. Y. 36; Smith v. Edwards, 29 Hun, 493; Mee v. McNider, 109 N. Y. 500; Jones v. U. S., 24 L. R. A. [N. S.] 143; Breckwall v. People, 21 Ill. App. 213.) The judgment of conviction was

erroneous for want of evidence against defendant connecting him with the alleged crime. (People v. Utter, 44 Barb. 170; Westchester County v. Dressner, 23 App. Div. 215; Cullinan v. Burkhard, 41 Misc. Rep. 321; Thomas v. Williams, 48 Misc. Rep. 615; Comm. v. Wachendorf, 141 Mass. 270.)

WILLARD BARTLETT, Ch. J.:

The defendant was indicted for violating subdivision K of section 30 of the Liquor Tax Law (Cons. Laws, ch. 34; Laws of 1909, ch. 39) under which it is a misdemeanor " to solicit, accept or procure in a town in which a liquor tax certificate is prohibited " pursuant to the local option provision of the statute, " an order to deliver or send to another, or for another, liquor in any quantity, where the person for whom such liquor is procured resides in any such town." The indictment alleged that the defendant was a resident and citizen of Kingston in Ulster county and set forth facts showing that the town of Andes in the county of Delaware was a town in which a liquor tax certificate was prohibited. It further charged that notwithstanding these facts the defendant on or about the 5th day of March, 1910, willfully and unlawfully solicited, accepted and procured in the said town of Andes an order to deliver or send to one J. D. Frisbee one gallon of whisky, where the person for whom such liquor, to wit, J. D. Frisbee, was procured, resided in said town of Andes at the time the said defendant solicited and procured such order. There was a further allegation to the effect that the defendant delivered to the said Frisbee in pursuance of the order so solicited one gallon of whisky for which he paid the defendant two dollars and fifty cents.

Upon the trial the defendant was convicted and the County Court imposed a fine of $200, deferring " the imprisonment portion of the sentence until a future time to be brought up upon motion of the District Attorney." The Appellate Divi-

sion has reversed this judgment and dismissed the indictment.

There was no substantial controversy as to the facts. It appeared without dispute that the sale of the liquor in question to J. D. Frisbee of Andes, a town in which liquor tax certificates were prohibited, was made through the agency of a circular letter and pricelists bearing the name of the defendant, a liquor dealer at Kingston, and sent through the mail to Frisbee from his establishment. The mail department of the defendant's business was conducted by his son, to whom he had given positive instructions not to send circulars soliciting custom into no-license towns. Like instructions had been given by the son to his subordinates in the store. It did not appear how they came to be disregarded in this particular instance by the stenographer in the mailing department who admitted sending the circulars to Frisbee; she simply had no recollection about it. The defendant testified that he did not know any circular was sent to J. D. Frisbee in the town of Andes of any character whatever or that any circular was sent to any person in the town of Andes. He relied upon his son to follow his instructions, and he had no knowledge or information of any transaction with J. D. Frisbee until this indictment was found.

No attempt was made to controvert the defendant's denial of any personal participation in the transaction. The court held that it was not necessary to prove that he knew anything about it. This appears from the following request to charge and the ruling of the learned county judge thereon:

" Defendant's Counsel: We ask your Honor to charge the jury that unless they find the acts complained of were committed by the instruction or authority of the defendant and with his knowledge, the defendant should be found not guilty.

" The Court: I decline to so charge. The defendant is liable for the acts of his duly authorized servants, agents or employees.

" Defendant excepts."

The case has provoked unusual diversity of opinion in the
Appellate Division. The presiding justice construes the pro-
hibition in the statute as applicable only to cases where the con-
templated sale is to one person for the benefit of another person
and holds that it is no offense against the law to solicit a
resident of a no-license town to purchase liquor for himself. Two
of his associates who concur with him for reversal place their
vote solely upon the ground that the statute contemplates the
personal presence of the offender in the no-license town when
and where he solicits the purchase. The other members of the
court agree with the construction placed upon the statute by the
county judge and vote for affirmance.

The conclusions which I have reached do not precisely and
entirely accord with any of the views expressed in the courts
below. As subdivision K of section 30 of the Liquor Tax Law
is an important provision of that statute, the operation of which
is likely to be frequently invoked, I will state these conclusions
categorically for the guidance of trial courts in the future if my
views shall meet with the concurrence of my associates.

(1) Personal guilt on the part of the offender is necessary to
the maintenance of a prosecution under subdivision K of section
30 of the Liquor Tax Law. The defendant must have committed
the offense himself or must personally have authorized another
to commit it. The case is not like that where a statute requires
a particular thing to be done and declares the failure to do it
a criminal offense. There an employer may sometimes be
criminally chargeable with the consequences of an act on the
part of his servants although he expressly imposed upon them
the duty of obedience to the law. Such a case was Commonwealth
v. Kelley (140 Mass. 441), where the defendant was convicted
of violating a statutory prohibition against screening his liquor
store although the illegal act was committed by his bartender

in violation of his express instructions that an unobstructed view of the premises should be at all times maintained. The doctrine applied in that and similar cases is based upon the assumed intent of the legislature to make the specific act or conduct punishable, irrespective of the defendant's motive or intent. (People v. Werner, 174 N. Y. 132.) Here, however, the prohibition is directed against personal conduct and an intent to do the prohibited act is an essential element of the crime. It was, therefore, error for the learned county judge to refuse to instruct the jury that they should acquit unless they found that the acts complained of were committed with the authority and knowledge of the defendant.

(2) Subdivision K of section 30 of the Liquor Tax Law contemplates the personal presence of the defendant or his agent in the no-license town when the purchase of the liquor is solicited. There is nothing in the language of the statute to indicate that the legislature intended such an extraordinary innovation in the criminal law as would arise from the creation of an offense which would render a person liable as a criminal in a town which he might never have visited, simply because he mailed a liquor price-list from a distant point in another county to a possible purchaser. Such a construction, as is aptly suggested in one of the opinions of the Appellate Division, would make it a crime for any of the large grocery establishments in the city of New York to send its catalogues containing a pricelist of liquors for sale to their correspondents residing in no-license towns.

(3) I am unable, however, to agree with the learned presiding justice of the Appellate Division that in order to constitute a violation of the statute it must appear that the purchase was to be for the benefit of some person other than the actual purchaser. I think the word " another " is used in contradistinction to the seller. While there are some grammatical objections to this construction, there are equally cogent objections of the

same nature to the other; and it seems to me that it would be narrowing the meaning too much to exclude a case of soliciting custom from one who designs purchasing the liquor for his own use. The solicitation of any resident of a no-license town is forbidden, whether the liquor is to be consumed by him or by some other resident of such town after he gets. it.

If the Appellate Division had merely reversed the judgment in this case, and had proceeded no further, the order would not have been reviewable in this court in the absence of a statement in the body thereof that the court had reviewed the facts and was satisfied with the judgment so far as the facts were concerned. (People v. O'Brien, 164 N. Y. 57. See 14 N. Y. Crim. 453.) The Appellate Division, however, has not only reversed the judgment but it has also dismissed the indictment, thus finally disposing of the prosecution. This course was taken, we presume, upon the ground that it was manifestly impossible upon another trial to establish an essential element of the offense charged, to wit, the presence of the defendant in the town of Andes and the act of solicitation by him personally in that town. The district attorney appears to have made no suggestion that he could strengthen the case in that respect nor does he make any such suggestion in this court. The case, therefore, was one of reversal in which it was neither necessary nor proper to order a new trial. (Code Crim. Pro. § 543.) Under these circumstances the dismissal of the indictment seems to have been warranted.

The order of the Appellate Division should be affirmed.

WERNER, HISCOCK, COLLIN, CUDDEBACK, MILLER and CARDOZO, JJ., concur.

Order affirmed.