## COURT OF APPEALS.

### January 7, 1919.

## THE PEOPLE v. EDWARD B. REDMOND.

(225 N. Y. 206.)

APPEAL—ORDER OF APPELLATE DIVISION REVERSING A JUDGMENT OF CON-
VICTION AND ORDERING A NEW TRIAL ''FOR ERRORS OF LAW ONLY''—SUCH
ORDER CANNOT BE REVIEWED IN COURT OF APPEALS—ORDER SHOULD SHOW
THAT DECISION WAS UPON WEIGHT OF EVIDENCE.

The Court of Appeals cannot review an order of the Appellate Division
reversing a judgment of conviction and ordering a new trial, where it is
stated that such reversal is ''for errors of law only.'' A convicted de-
fendant has the right to have the Appellate Division review and render
its decision upon the facts, but the statement that the reversal is for
errors of law only does not establish that the Appellate Division has
awarded him that right. In such case the appeal should be dismissed, but
without prejudice to a new application to the Appellate Division for
the amendment and resettlement of its order by stating, in it, its decision
upon the weight of evidence.

People v. Redmond, 179 App. Div. 127, appeal dismissed.

APPEAL from an order of the Appellate Division of the Su-
preme Court in the second judicial department, entered
June 27, 1917, which reversed a judgment of the Kings County
Court rendered upon a verdict convicting the defendant of the
crime of perjury and granted a new trial.

The facts, so far as material, are stated in the opinion.

*Harry E. Lewis, District Attorney (Hersey Egginton,
Harry G. Anderson* and *John C. Ruston* of counsel), for
appellant. The judgment and order of the Appellate Division
reversing the judgment of conviction herein is properly appeal-
able to this court. (People v. O'Brien, 164 N. Y. 57; People v.
Calabur, 178 N. Y. 463; People v. Miller, 169 N. Y. 339;

People v. Damron, 212 N. Y. 256; Code Cr. Pro., § 519; Jones on Evidence [2d ed.], art. 101; Chamberlayne on Evidence, § 45; Chase's Stephen's Digest on Evidence, §§ 1202, 1205; Mandeville v. Reynolds, 68 N. Y. 528; Hess v. Smith, 16 Misc. Rep. 55; People v. Kelly, 31 Hun, 225; Williams v. Montgomery, 60 N. Y. 648; People v. Ostrander, 28 Hun, 38; People v. Draper, 28 Hun, 1; People v. Sprague, 217 N. Y. 373; People v. Gallagher, 75 App. Div. 39; People v. Buchanan, 25 N. Y. Supp. 481.)

*Andrew F. Van Thun, Jr.,* for respondent. The court is without jurisdiction to entertain this appeal. (People v. Boas, 92 N. Y. 560; People v. Stevens, 104 N. Y. 667; People v. O'Brien, 164 N. Y. 57; People v. Calabur, 178 N. Y. 463; People v. Damron, 212 N. Y. 256; Code Crim. Pro., § 519; People v. Hovey, 92 N. Y. 554; People v. Green, 137 App. Div. 763; People v. Grout, 166 App. Div. 220.)

COLLIN, J.: .

The order of the Appellate Division, reversing the judgment of conviction and ordering a new trial, contained the statement, " the reversal of said judgment being had for errors of law only."

It is too thoroughly established to admit of discussion that this court has not jurisdiction to review the order or judgment of reversal and for a new trial in a criminal case unless it appears affirmatively in the body of the order that the court below has exercised its power to review the facts, and that, being satisfied with the judgment in that respect, the reversal was ordered for error of law only. The rule in criminal cases, and in civil cases involving a motion and an order for a new trial, was, prior to the amendment, in 1912, of section 1338 and the amendment, in 1914, of section 1346 of the Code of Civil Procedure, the same (People v. Boas, 92 N. Y. 560, 1 N. Y.

Crim. 287), and as we have stated. (People v. O'Brien, 164 N. Y. 57; People v. Weiner, 211 N. Y. 469, 475, 31 N. Y. Crim. 378; People v. Conroy, 97 N. Y. 62, 72, 2 N. Y. Crim. 565; People v. Stevens, 104 N. Y. 667; Harris v. Burdett, 73 N. Y. 136; Mickee v. Walter A. Wood Mowing & R. M. Co., 144 N. Y. 613; Wright v. Smith, 209 N. Y. 249; Caldwell v. City of New York, 210 N. Y. 576.) The amendments to the sections of the Code of Civil Procedure have no relation to and no effect as to the operation of the rule in criminal cases. (Code of Civil Procedure, section 3343, subdiv. 20.) We have uniformly held that all proceedings in a criminal case are, generally speaking, governed by the Code of Criminal Procedure. (People v. Hovey, 92 N. Y. 554, 1 N. Y. Crim. 283; People v. Bissert, 71 App. Div. 118, 18 N. Y. Crim. 409, affd., 172 N. Y. 643; People ex rel. Jerome v. Court of General Sessions, 112 App. Div. 424, 20 N. Y. Crim. 52, affd., 185 N. Y. 504.) In a case in which the Appellate Division not only reverses the judgment but, in addition, dismisses the indictment and thus finally disposes of the prosecution, the rule does not govern. (People v. Weiner, 211 N. Y. 469, 31 N. Y. Crim. 378.)

The rule still obtains in criminal cases in which a new trial is ordered upon a reversal. The reasons sustaining it are imperative, and, in order that justice to the People and the convicted may be secured, should be given heed by the Appellate Division. The convicted defendant has the right to have the Appellate Division, which is his right. It may be that the evitacts. The statement in the order that the reversal is for errors of law only does not establish that the Appellate Division has awarded him that right. In case we reversed the order of the Appellate Division the judgment of conviction would stand and the defendant be deprived of the review of the facts by the Appellate Division, which is his right. It may be that the evidence would have justified or compelled a reversal. In case we

affirmed the order, the new trial, thus necessitated, might be controlled by the decisions of the Appellate Division and this court and the People might thus be deprived of the right to have reviewed by this court · the determination of the Appellate Division that error of law exists. The defendant has taken all the steps to obtain from the Appellate Division its decision, which it was in duty bound to give, upon the evidence. (People v. Conroy, 97 N. Y. 62, 72, 2 N. Y. Crim. 565; Harris v. Burdett, 73 N. Y. 136; Mickee v. Walter A. Wood Mowing & R. M. Co., 144 N. Y. 613; People v. Stevens, 104 N. Y. 667.)

The appeal should be dismissed, but without prejudice to a new application to the Appellate Division for the amendment and resettlement of its order by stating in it its decision upon the weight of evidence.

Hiscock, Ch. J., Cuddeback, Cardozo, Pound, Crane and Andrews, JJ., concur.

Appeal dismissed, etc.