Fuld, J.
(dissenting). I do not believe that the order before us is appealable.
The Appellate Division reversed the judgment of conviction and ordered a new trial on the basis of asserted error in the trial court’s charge, notwithstanding that defendant’s counsel had failed to raise the question by appropriate request or exception. (Code Crim. Pro., § 420-a.) The order of reversal recites that it was made ‘1 without regard to the adequacy of the exception * * * (1) upon the law and (2) also in the exercise of discretion in the interests of justice, if it is held that the ground * * * assigned constitutes an exercise of discretion rather than a decision of a question of law.”
The requisite exception not having been taken, there was no question of law reviewable on appeal (see People v. Bester, 297 N. Y. 408; People v. Bresler, 218 N. Y. 567, 570-573), but the Appellate Division was vested with the discretion to order a new trial in the interests of justice, even in the absence of any exception (Code Crim. Pro., § 527). Its exercise of such discretion is not, however, reviewable in this court. (N. Y. Const., art. VI, § 7; see People v. Redmond, 225 N. Y. 206, 208.) Since the Appellate Division’s order plainly shows on its face that the reversal was predicated, at least in the alternative, on an exercise of discretion, no decisive question of law is presented for review by this court. That being so, the appeal should, in accordance with our settled practice, be dismissed. (See People v. O'Brien, 164 N. Y. 57, 58; People v. Moskowitz, 289 N. Y. 69; Cohen and Karger, Powers of the New York Court of Appeals, pp. 754, 766-767.)
Order affirmed, etc.