FLORA SPITZER, as Administratrix of the Estate of JOSEPH SPITZER, Deceased, Appellant, *v.* A. AUGUSTUS HEALY et al., Respondents.

**Appeal — when Court of Appeals cannot review order of reversal.**

The Court of Appeals has no jurisdiction to review an order of reversal made prior to September 1, 1914, which does not state whether the reversal was upon the law or upon the facts, or whether the facts as found by the verdict were affirmed or approved by the court. (*Schryer* v. *Fenton*, 162 N. Y. 444, followed.)

*Spitzer* v. *Healy*, 159 App. Div. 505, appeal dismissed.

(Submitted May 8, 1916; decided July 11, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 27, 1913, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial.

*Moses Feltenstein* and *Morris Cukor* for appellant.

*James J. Mahoney* and *Robert B. Livingston* for respondents.

*Per Curiam.* This action was brought to recover damages by reason of the death of plaintiff's intestate resulting, as alleged, from the negligence of defendants. Upon the trial the plaintiff recovered a verdict. Defendants moved to set aside the verdict and for a new trial upon the several grounds enumerated in section 999, Code of Civil Procedure, which motion was denied and an exception granted defendants. From the judgment entered upon the verdict of the jury and the order denying the motion made for a new trial and to set aside the verdict defendants took an appeal to the Appellate Division. The latter court on the 19th of December, 1913, made an order in the following language: " Ordered and adjudged that the Judgment and Order so appealed from be and the

47

same are hereby reversed and a new trial granted with costs to the appellant to abide the event."

The order of reversal does not state whether the reversal was upon the law or upon the facts or whether the facts as found by the verdict were affirmed or approved by the court. It follows that this court has no jurisdiction to review the order appealed from. (*Schryer* v. *Fenton*, 162 N. Y. 444.) While the amendment to section 1346 of the Code, which took effect September 1, 1914, has effected a change in the practice theretofore existing, such amendment does not apply to judgments of the Appellate Division rendered as was the judgment in question prior to September 1st, 1914. (*Middleton* v. *Whitridge*, 213 N. Y. 499, 505.) The only remedy of plaintiff is a new trial pursuant to the order of the Appellate Division.

The appeal must be dismissed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDE-BACK, HOGAN, SEABURY and POUND, JJ., concur.

Appeal dismissed.