ELIZABETH REICH, Appellant, *v.* EDITH LA BAU DYER et al., as Executrices of ALICIA V. LA BAU, Deceased, Respondents.

1. APPEAL — REVERSAL UPON THE LAW AND FACTS — WHEN COURT OF APPEALS MAY REVIEW ORDER. The Court of Appeals has no jurisdiction to review an order of the Appellate Division reversing a judgment on the law and the facts and granting a new trial if there is any question either of fact or of credibility of ¡witnesses involved. The Court of Appeals can only review a reversal by the Appellate Division upon the law and the facts and the granting of a new trial, in a case where a party is entitled, as a matter of law, to a direction of a verdict in his favor,

2. CONVEYANCE — WHEN QUESTION WHETHER INSTRUMENT IS DEED
OR MORTGAGE TO BE DETERMINED BY JURY FROM INTENTION OF PAR-
TIES, NOT AS MATTER OF LAW.  Where real estate is conveyed by a
deed absolute upon its face, containing full covenants in the usual form,
for a purchase price expressed therein and fixed by agreement between
the parties, from which price the grantee advanced a certain sum to the
grantor under an agreement that the grantee might, at any time within a
year from the date of the deed, elect to retain the title to the premises by
paying to the grantor the balance of the purchase price, the money
advanced to be treated as a loan in case the grantee concluded not to pur-
chase the premises within one year, it cannot be held as a matter of law,
in an action brought to recover the balance of the purchase price, that
the deed operated as a mortgage where there is evidence from which the
jury may find that the parties intended the instrument to be a deed, that
it was accepted as such and that the possession of the premises was sur-
rendered to the grantee, or her tenant, thereunder.

*Reich* v. *Dyer*, 91 App. Div. 240, appeal dismissed.

(Argued December 7, 1904; decided December 30, 1904.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered Feb-
ruary 17, 1904, which reversed a judgment in favor of plain-
tiff entered upon a verdict, and an order denying a motion
for a new trial, and granted a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Alton B. Parker* and *Charles Strauss* for appellant.  The
decision of the court below is properly reviewable in this
court.  (*Griggs* v. *Day*, 158 N. Y. 1; *Westerfield* v. *Rogers*,
174 N. Y. 240 ; *Kane* v. *City of Yonkers*, 169 N. Y. 392 ;
*Hirschfield* v. *Fitzgerald*, 157 N. Y. 166 ; *Otten* v. *M. R. R.
Co.*, 150 N. Y. 395 ; *Benedict* v. *Arnoux*, 154 N. Y. 715 ;
*E. R. R. Co.* v. *Stewart*, 170 N. Y. 177.)  The facts disclosed
by the record amply sustain the verdict of the jury ; there
was no conflict of fact, and to the facts disclosed the rule laid
down by the Appellate Division has no application.  (*Peugh*
v. *Davis*, 96 U. S. 337 ; *Russell* v. *Southard*, 12 How. [U. S.]
139 ; *Baker* v. *Thrasher*, 4 Den. 493.)

*John M. Bowers* and *G. Morgan Browne* for respondents.
The Appellate Division having reversed the judgment and

order appealed from upon the law and the facts, as appears from the order of reversal on February 12, 1904, the Court of Appeals has no jurisdiction to hear this appeal. (*Harris* v. *Burdett*, 73 N. Y. 136; *Chapman* v. *Comstock*, 134 N. Y. 509; *Mickee* v. *W. M. & R. M. Co.*, 144 N. Y. 613; *Canavan* v. *Stuyvesant*, 154 N. Y. 84; *Henavie* v. *N. Y. C. & H. R. R. R. Co.*, 154 N. Y. 278; *Schoen* v. *Wagner*, 156 N. Y. 697; *Judson* v. *C. V. R. R. Co.*, 158 N. Y. 597; *Livingston* v. *City of Albany*, 161 N. Y. 602; *Schryer* v. *Fenton*, 162 N. Y. 444; *Albring* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 287; 174 N. Y. 179.) The original deed of October 31, 1894, was proved by the plaintiff's own testimony to have been a mortgage and the evidence failed to show that the relation of mortgagor and mortgagee between the plaintiff and Mrs. La Bau thus created was subsequently changed, or that there was any obligation of Mrs. La Bau to pay $40,000. (*Kortright* v. *Cady*, 21 N. Y. 343; *Henry* v. *Davis*, 7 Johns. Ch. 40; *Horn* v. *Keteltas*, 46 N. Y. 605; *Odell* v. *Montross*, 68 N. Y. 499; *McCauley* v. *Smith*, 132 N. Y. 524; *Mooney* v. *Byrne*, 163 N. Y. 86; *Hughes* v. *Harlan*, 166 N. Y. 427; *Peugh* v. *Davis*, 96 U. S. 332; *Jackson* v. *Crafts*, 18 Johns. 110; *Kortright* v. *Cady*, 21 N. Y. 343; *Trimm* v. *Marsh*, 54 N. Y. 599; *Sexton* v. *Breeze*, 135 N. Y. 387.) The order in this case should be affirmed under the stipulation. The appeal should not be dismissed. The plaintiff has prosecuted this appeal with full knowledge of the claim that the defendant would become entitled to judgment absolute. The practice in such cases must now be held to be thoroughly established and known. (Const. of N. Y. art. 6, § 9; Code Civ. Pro. §§ 190, 191; *Hoyt* v. *Thompson*, 19 N. Y. 207; *Macy* v. *Wheeler*, 30 N. Y. 231; *Snebley* v. *Conner*, 78 N. Y. 218; *Williams* v. *Lindblom*, 143 N. Y. 675; *Crooks* v. *P. Nat. Bank*, 177 N. Y. 68.).

Haight, J. This action was brought to recover a balance due upon the purchase price of a farm consisting of one hundred acres of land, situated at Brentwood, Long Island.

The facts established by the verdict of the jury are substantially as follows:

The plaintiff was the owner and resided upon the farm in question. She applied to the defendants' testatrix in her lifetime for a loan of $3,133 and offered to give her mortgage upon the farm to secure its repayment. Thereupon negotiations took place between the plaintiff, her husbaand and Mrs. La Bau with reference to the purchase of the farm by Mrs. La Bau, resulting in an agreement, fixing the purchase price at $40,000, the advancing by Mrs. La Bau to the plaintiff of $3,133, and the giving by the plaintiff to Mrs. La Bau a full covenant deed of the premises under an oral agreement that at any time within a year Mrs. La Bau may elect to pay the balance of the purchase price, at a time to be named by her, and thereby retain the title to the premises. Mrs. La Bau, in answer to the plaintiff's offer to give her a mortgage, stated that " she preferred to have a deed so that when she made up her mind that she would keep the property that there is no further loss of time and she will then state the time of payment." Subsequently Mrs. La Bau advertised for a tenant, arranging with the plaintiff's husband to show the property to persons desiring to rent, and soon thereafter she leased the premises to one Horace I. Moyer, the lease bearing date the 28th day of March, 1895, running for a period of five years from the first day of April thereafter and containing a provision to the effect that the lessee is granted an option to purchase the premises for the sum of $45,000 on the first day of April, 1897. Thereupon she wrote the plaintiff to the effect that she had leased the farm and that the tenant was desirous of leasing the personal property on the farm and that she thereby gave notice that she would keep the property conveyed to her, thus exercising her option, and that she would pay therefor on or before March first, 1897. She also requested the plaintiff to release the property and give her a list of the horses, cows, furniture and other chattels upon the place with the prices therefor. To this the plaintiff replied, under date of March 30, 1895, in which she inclosed duplicate

lists of the personal property upon the premises, giving the prices therefor, amounting in the aggregate to $2,772, which amount deducted from the $3,133 would leave a balance of $361 to be credited upon the purchase price of the farm, reducing the same to $39,639, which, under the letter of Mrs. La Bau, was to be paid on the first day of March, 1897. Upon the receipt of the letter Mrs. La Bau announced to the attorney of the plaintiff that it was "entirely satisfactory." Thereafter, and on the first day of April the plaintiff surrendered the possession of the farm and of the personal property thereon to the tenant. The jury found in favor of the plaintiff for the sum of $54,523.45, being the balance due upon the purchase price with interest thereon to the date of the verdict. From the judgment entered thereon an appeal was taken to the Appellate Division, which court, as we have seen, has reversed upon the law and the facts and granted a new trial.

The first question that arises has reference to our jurisdiction to review the action of the Appellate Division in granting a new trial upon the facts. This court has repeatedly refused to entertain jurisdiction of orders of the Appellate Division reversing judgments and granting new trials where the judgments have been entered upon verdicts and motions for new trials have been made and denied, unless the court in its orders, in effect, certified that these reversals were upon the law only and that it had examined the facts and found no reason for interfering with the verdict, upon the ground that it was against the weight of evidence. (*Harris* v. *Burdett,* 73 N. Y. 136; *Chapman* v. *Comstock,* 134 N. Y. 509, 512; *Mickee* v. *Wood Mowing & R. M. Co.,* 144 N. Y. 613; *Canavan* v. *Stuyvesant,* 154 N. Y. 84; *Henavie* v. *N. Y. C. & H. R. R. R. Co.,* 154 N. Y. 278; *Schoen* v. *Wagner,* 156 N. Y. 697; *Judson* v. *Central Vt. R. R. Co.,* 158 N. Y. 597; *Livingston* v. *City of Albany,* 161 N. Y. 602; *Schryer* v. *Fenton,* 162 N. Y. 444; *Albring* v. *N. Y. C. & H. R. R. R. Co.,* 166 N. Y. 287; *S. C.,* 174 N. Y. 179.) It, consequently, follows that we have no power to review the order in ques-

tion, unless the plaintiff upon the evidence in the case was entitled, as a matter of law, to a direction of a verdict in her favor. (*Otten* v. *Manhattan Ry. Co.*, 150 N. Y. 395, 400 ; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166 ;· *Griggs* v. *Day*, 158 N. Y. 1, 9 ; *Westerfield* v. *Rogers*, 174 N. Y. 230, 239.) It is now contended on behalf of the appellant that the Appellate Division had no power to reverse upon the facts for the reason that the plaintiff was entitled, as a matter of law, to a direction of a verdict in her favor. We have examined the record for the purpose of determining whether this contention can be sustained. It must be conceded that there is but little, if any, controversy with reference to the facts testified to by plaintiff's witnesses. It may be that an inference may be drawn from the testimony of one or two of the defendants' witnesses that would be, to some extent, in conflict with the claim of the plaintiff, but it is contended that these inferences would not amount to more than a *scintilla* of evidence. But some of the essential facts upon which the plaintiff's claim is based have to be established by the oral testimony of witnesses so nearly connected with the plaintiff in relationship and in business as to involve their credibility. Mrs. La Bau died before this action was brought, and, consequently, could not be heard in defense of her estate, and under the circumstances we are of the opinion that the question became one of fact for the jury, and not for the trial court to dispose of. This disposition of the case was acquiesced in by the plaintiff upon the trial, for she did not ask for a direction of a verdict or take any exception to the submission of the case to the jury. We, therefore, conclude that we have no jurisdiction to review the order appealed from, so far as this branch of the case is concerned, and, therefore, · that the appeal must be dismissed.

Inasmuch as the plaintiff has been granted a new trial we have thought it wise to consider the question as to whether the deed given by the plaintiff to Mrs. La Bau was a mortgage. We think it was a question of fact for the jury. · The deed was absolute upon its face, containing full covenants in the usual form. Mrs. La Bau contemplated the purchase of

the farm. The purchase price was fixed and agreed upon, and she made an advance to the plaintiff of $3,133, to be applied upon the purchase price unless she should elect not to purchase the farm within one year from the date of the deed. The money so advanced was only to be treated as a loan in case she concluded not to purchase. The plaintiff had applied for a loan and had offered to give a mortgage, but this Mrs. La Bau declined to take, stating, as we have seen, that she preferred to have a deed, so that in the event of her concluding to keep the property no further conveyance would be necessary. A deed can be changed into a mortgage only when it is apparent that the parties intended that such should be its effect. In this case the jury might have found that the intention of the parties was, that it was a deed, was accepted as such and that the possession of the premises was surrendered to Mrs. La Bau or her tenant thereunder. We think, therefore, that the authorities relied upon by the learned Appellate Division to the effect that an instrument once becoming a mortgage always remains a mortgage have no application and that its determination with reference to the deed in question cannot be sustained.

The appeal should be dismissed, with costs.

MARTIN, J. (dissenting). Whatever may be the law elsewhere, it is a general rule in equity, established by the decisions of the courts of this state, that a deed absolute in form will be treated as a mortgage when executed as security for a loan or a debt. (*Despard* v. *Walbridge*, 15 N. Y. 374; *Horn* v. *Keteltas*, 46 N. Y. 605; *Fullerton* v. *McCurdy*, 55 N. Y. 637; *Ensign* v. *Ensign*, 120 N. Y. 655, 656.) But it is equally well settled that the burden of establishing an oral defeasance to such a deed rests upon the one who alleges it and its precise terms must be established by clear and conclusive evidence to overcome the presumption that the deed expresses the entire contract between the parties. There is a diversity of opinion as to the principle upon which this doctrine is founded. In this state, however, it seems to have been based upon the

8

intention of the parties and upon the doctrine that courts of equity will always look through the form of a transaction and give effect to it so as to carry out the substantial intent of the parties. The law presumes that a deed is an absolute conveyance, and the party who claims it to be a mortgage must sustain his claim by proof sufficient to overcome this presumption of law, and it was held by this court in *Ensign* v. *Ensign* (120 N. Y. 655) that an oral defeasance must be established beyond a reasonable doubt. A conditional sale is not opposed to public policy nor in any sense illegal, and the courts of this state will give it effect as such when that is the real intention of the parties. (*Randall* v. *Sanders*, 87 N. Y. 578.) It seems perfectly obvious from the evidence in this case that the conveyance by the plaintiff to Mrs. La Bau was not intended as a mortgage or in the first instance for the purpose of securing the money advanced to her by the defendants' testatrix. The plaintiff sought to make a loan of the defendant's testatrix and to secure its payment by a mortgage on the premises subsequently conveyed. That, the defendants' testatrix refused to do, but insisted upon the plaintiff's fixing a price which she would accept in full payment for the premises, and that a full covenant deed should be given which was to continue as such and remain absolute, unless Mrs. La Bau should, within a year, elect to hold the deed as a mere security for the money advanced. That she did not do, but on the contrary gave notice that she would retain title to the property so conveyed and pay the plaintiff the balance of the consideration. Thus it becomes manifest that the defendant's testatrix not only declined to exercise her option by transforming the deed into a mortgage, but she actually elected to confirm the deed as an absolute conveyance and thereby the option was spent and afterwards was of no force or effect. From this brief history of the transaction, it seems certain that the deed was never at any time intended to be or regarded by the parties as a mortgage, but was always a deed absolute. That under these circumstances the defendants' testatrix obtained an absolute title to the premises, which, after the expiration of the year

and in view of the election of the testatrix, was free from any condition or possibility by which it could be regarded or treated as a mortgage, there can be no doubt.

In its origin the instrument under consideration was a full covenant deed, and such has been its character from the day it was given until the present time, notwithstanding the fact that during the period of one year there was a possibility that by the action of the defendants' testatrix it might have been changed into an instrument in the nature of a mortgage and held as such for the security of the money advanced by her as a part of the purchase price, if she so elected during that time. Moreover, she agreed to pay the remainder of the purchase price at a time named, as was agreed by the parties. It is also to be observed that the plaintiff had no option in the matter. So far as she was concerned the instrument under consideration was a deed, and nothing she could do would interfere with its validity as such, or with the testatrix's title, or in any way change the character of this instrument. That there was never a time, not even for a moment, when the parties intended that the deed in question should be regarded as a mortgage is perfectly obvious, and, consequently, the principle that once a mortgage always a mortgage, upon which the learned Appellate Division relied, was utterly inapplicable under the facts in this case. Although the order of the Appellate Division asserts that the judgment of the Trial Term was reversed upon the "law and facts," still it is difficult to discover any facts necessary to sustain the judgment of the trial court as to which there was any conflict in the evidence that justified the Appellate Division in reversing the judgment upon that ground.

Hence, I favor the reversal of the judgment appealed from and the affirmance of the judgment entered by the trial court.

CULLEN, Ch. J., GRAY, and BARTLETT, JJ., concur with HAIGHT, J.; O'BRIEN and VANN, JJ., concur with MARTIN, J.

Appeal dismissed.