GILBERT TURNER, Appellant, v. GEORGE M. TURNER and Others, Respondents.

Fourth Department, November 27, 1918.

**Real property — deed — when deed accompanied by an agreement to reconvey does not constitute a mortgage — recording — suit for breach of contract to reconvey and for cancellation of record of deed — extension of time within which to take reconveyance.**

Where the owner of real estate executes and delivers a deed of conveyance thereof accompanied by a written instrument whereby the grantee agrees to reconvey all or any parcel of said property within five years upon the grantor's paying a specified amount, and further agrees not to transfer or convey without consulting the grantor, and then only upon the latter's approval as to price and terms, the accompanying instrument does not make the deed in effect a mortgage and said instrument need not be recorded by the grantee.

A conveyance of such property by the grantee within one month after the deed to him, to one having knowledge of said instrument, without the consent of his grantor, constituted a breach of trust entitling the grantor to have said conveyance set aside and the record thereof canceled, and in addition to have an extension for a reasonable time after final judgment of the period within which he might exercise the right to take a reconveyance the action having been begun before the expiration of the five-year period.

APPEAL by the plaintiff, Gilbert Turner, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Chautauqua on the 3d day of June, 1918, upon the decision of the court after a trial at the Chautauqua Special Term, with notice of an intention to bring up for review an interlocutory judgment entered in said clerk's office on the 16th day of April, 1918, sustaining a demurrer to the complaint.

*Frank H. Mott* [*Benjamin S. Dean* with him on the brief, and *William E. King*, attorney], for the appellant.

*Louis L. Thrasher* [*Thrasher & Clapp*, attorneys for the respondent Jamestown Mantel Company; *Fowler & Hunt*, attorneys for the respondents Turner], for the respondents.

DE ANGELIS, J.:

The plaintiff sues the defendants in equity to set aside a deed of conveyance of certain lands executed by the defendants George M. Turner and Loretta J. Turner, his wife, to the defendant Jamestown Mantel Company and to cancel the record thereof, and to compel the defendant George M. Turner to record in the Chautauqua county clerk's office a certain agreement with reference to such lands, upon the ground that such deed was executed and delivered in violation of such agreement and that the defendant George M. Turner was obligated to cause such agreement to be recorded pursuant to section 320 of the Real Property Law (Consol. Laws, chap. 50; Laws of 1909, chap. 52). The defendant Jamestown Mantel Company and the defendants George M. Turner and Loretta J. Turner, his wife, interposed separate demurrers to the complaint based upon the ground that it does not state facts sufficient to constitute a cause of action. The Special Term sustained the demurrers with leave to the plaintiff to plead anew within ten days. The plaintiff having failed to plead anew within the time given, final judgment was entered dismissing the complaint. The plaintiff appeals from the final judgment and gives the usual notice to review the interlocutory judgment.

The complaint is not well drawn, but from what is stated

therein and what may fairly be inferred therefrom, in substance, it amounts to this:

On or about the 28th day of July, 1913, the plaintiff was the owner of seven pieces or parcels of land situate at the village of Falconer, in the county of Chautauqua and State of New York, and on that day he executed and delivered to the defendant George M. Turner a deed of conveyance thereof subject to certain incumbrances thereon which by the terms of the conveyance George M. Turner assumed and agreed to pay. At the same time George M. Turner executed and duly acknowledged a written instrument whereby for a valuable consideration he agreed to reconvey to the plaintiff all of said property within five years from the date of the instrument upon the plaintiff's paying to him for each parcel the amount specified in a paper annexed to the instrument or to reconvey to the plaintiff within five years from the date of the instrument any parcel of such property for the sum specified in the paper annexed to the instrument with interest from the date of the instrument. In such instrument it was further provided that George M. Turner would counsel with the plaintiff in making any repairs upon any of the buildings upon the premises conveyed and that he would not transfer or convey any of said property without consulting the plaintiff and then only upon the plaintiff's approval as to price and terms of payment. George M. Turner immediately upon the execution and delivery of such conveyance entered into possession of the property conveyed. On the 9th day of August, 1913, George M. Turner procured the deed executed to him by the plaintiff to be recorded in the county clerk's office of Chautauqua county, but withheld from the record the instrument above referred to fraudulently with intent to make the deed appear on record as an absolute conveyance to him. The defendants George M. Turner and Loretta J. Turner, his wife, on or about November 4, 1913, fraudulently executed and delivered to the defendant Jamestown Mantel Company a deed of conveyance of all of the property above described. At the time the Jamestown Mantel Company received such deed of conveyance it and its officers had full knowledge of the contents of the instrument above referred to. The Jamestown Mantel Company caused such deed of conveyance so made and delivered to it to be

recorded in the clerk's office of Chautauqua county on or about the 7th day of July, 1914.

The plaintiff argues that the legal effect of such deed of conveyance from the plaintiff to George M. Turner and of such instrument executed at the same time was to make the same a mortgage with the usual characteristics of a mortgage. He argues that under section 320 of the Real Property Law it was the duty of George M. Turner to see to it that such instrument was recorded at the same time at which the deed was recorded and that the deed and the instrument should have been recorded as a mortgage. On the contrary, I am of opinion that the deed was designed to stand as a deed and that no obligation rested upon George M. Turner to see that the instrument was recorded. I think that neither party intended that the instrument providing for a reconveyance of the property should be recorded. I am of opinion that both parties to the transaction fully understood that if all or any part of the lands in controversy remained unconveyed under the terms of the instrument referred to at the expiration of the period of five years such property was to belong to George M. Turner absolutely. A case somewhat similar to that under consideration is *Holmes* v. *Grant* (8 Paige, 243). Strangely enough the opinion of the vice-chancellor in that case is cited by the respondents and a considerable extract therefrom quoted. They seem to have overlooked the fact that the vice-chancellor was overruled by the chancellor. What appeals to me in that case is the chancellor's reasoning. When George M. Turner conveyed such property to the Jamestown Mantel Company he was guilty of a breach of trust for he thereby put it out of his power to comply with the terms upon which he had received his conveyance of the property. Courts of equity are open to relieve a party from a fraudulent transaction of the character disclosed.

It is to be observed that this breach of trust was committed by George M. Turner within a month after he received the conveyance of the plaintiff's property. The five-year period has now expired but this action was begun before the expiration of that period. I think the plaintiff is entitled to have the conveyance to the defendant Jamestown Mantel Company set aside and the record thereof canceled and, in

Fourth Department, November, 1918.          [Vol. 185.

addition, to have an extension of the period within which he might exercise the right to take a reconveyance of the property for a reasonable period, not less than a year, after the final judgment shall be entered, assuming that upon the trial of the cause the facts shall be such as to entitle him to the relief suggested.

It follows that the final judgment and interlocutory judgment should be reversed and the demurrers overruled, with costs, with leave to the defendants to plead over within twenty days upon the payment of the costs.

All concurred; LAMBERT, J., not sitting.

Interlocutory and final judgments reversed, with costs, and demurrers overruled, with costs, with leave to the defendants to plead over within twenty days upon payment of the costs of the demurrers and of this appeal.