515–2ND ST. CORPORATION, Respondent, *v.* HARRY L. BISNOFF, Appellant, and IRVING KRAUNZ, Impleaded Defendant, Respondent.

Second Department, April 26, 1937.

*William H. Bisnoff* [*Samuel Zamzok* with him on the brief], for the appellant.

*Ralph A. Woodend*, for the plaintiff, respondent.

*Samuel A. Fried* [*Henry Margoshes* with him on the brief], for the impleaded defendant, respondent.

TAYLOR, J. Judgment was rendered in favor of the plaintiff and of the impleaded defendant, and the counterclaim of defendant Bisnoff was dismissed. He based that counterclaim upon his assertion that he was the owner of the equity of redemption in the real property. He contended that the transaction detailed *infra* resulted in a mortgage made by him to the impleaded defendant notwithstanding that it was in the form of a deed. He relies only upon exceptions to rulings upon questions of law made after the cause was finally submitted. (Civ. Prac. Act, § 575.)

His appeal from the decision does not lie. In that phase it must be dismissed.

Pertinent facts found are in effect as follows: Bisnoff, on July 15, 1931, purchased the property. On August 21, 1931, he executed and delivered to Kraunz, the impleaded defendant, his bond and purchase-money mortgage for $3,500, bearing interest at six per cent per annum, payable semi-annually. The mortgagor covenanted that the principal sum should become due after default in the payment of any installment of interest for thirty days or in the payment of any tax, water rate or assessment for sixty days. On December 15, 1933, defaults existed because of the non-payment of installments of interest due, respectively, February 21, 1933, and August 21, 1933, and also in the payment of taxes which amounted to $201.53. Then unpaid for principal of mortgage, interest and taxes was the aggregate sum of $3,981.53. The then market value of the real property was $3,806.12. On December 15, 1933, Bisnoff and his wife duly conveyed the premises to the mortgagee, Kraunz, by a deed duly recorded as such on December 19, 1933. Simultaneously Bisnoff and Kraunz entered into a written agreement which, on December 26, 1933, was duly recorded as a deed. The agreement provided, in effect, that Bisnoff should convey to Kraunz the title in fee; that simultaneously the bond should be returned by Kraunz to Bisnoff and canceled and discharged, Bisnoff released

and discharged from any obligation thereunder, and the mortgage canceled and discharged of record; that if within one year Kraunz should sell, or agree to sell, the premises for a sum in excess of $3,500 together with interest to the date of such sale and any and all sums paid by Kraunz for taxes and water rates, then such excess should be paid by Kraunz to Bisnoff; that if within such year Bisnoff should pay to Kraunz $3,500 with interest thereon to the date of such payment and any and all sums paid by Kraunz for taxes and water charges, then Kraunz would reconvey the premises to Bisnoff or to his assigns or designees; that if within such year Bisnoff should produce or obtain a purchaser for the property for a sum larger than the above amounts, Kraunz would convey the property to the purchaser or to his assigns or designees and would pay the purchase price in excess of those amounts to Bisnoff; and that the intent and purpose of the agreement was that if within such year Bisnoff should pay or cause to be paid to Kraunz the amount of the bond and mortgage, with interest, and all sums paid by Kraunz for taxes and water charges, the latter would reconvey the premises to Bisnoff, his assigns or designees.

Accordingly, on December 15, 1933, the bond was returned, canceled and discharged of record. Upon receipt of the deed, Kraunz went into possession of the premises, remaining therein until July 25, 1935, in the meantime paying nothing to Bisnoff for use and occupation. Bisnoff paid nothing to Kraunz on account of the mortgage or interest thereon, nor did he pay any taxes, assessments or water charges on the property. Kraunz, on January 24, 1934, paid $201.53, the taxes unpaid. He paid other taxes, as follows: On April 3, 1934, $50.94; on August 13, 1934 (assessment), $40.50; on October 31, 1934, taxes, $50.94; and on April 30, 1935, taxes for the first half of 1935, $51.48. Within the year mentioned in the agreement Kraunz did not enter into any agreement to sell, nor did he sell, the premises. Bisnoff, during that same period, did not pay or offer to pay to Kraunz the amount of the former bond and mortgage on the premises and interest and taxes, as provided in the agreement, nor did Bisnoff produce a purchaser for the premises.

On July 18, 1935, Kraunz and the plaintiff entered into a contract of sale and purchase of the premises for $3,900, $1,000 in cash and $2,900 by a purchase-money mortgage. On July 25, 1935, Kraunz conveyed the premises to the plaintiff, in pursuance of the contract, by a full covenant and warranty deed, duly recorded July 27, 1935. The purchase-money mortgage for $2,900 was duly executed and was duly recorded as such on July 27, 1935.

Plaintiff immediately went into possession of the premises and has since occupied them. Between July 27, 1935, and November 1, 1935, without notice of any claim by Bisnoff, the plaintiff expended $9,200 in improving the property with a dwelling house, thereby increasing its value greatly. Between the date when plaintiff took title and thereafter, until December 1, 1935, Bisnoff gave no notice to the plaintiff that he claimed any interest in the premises, nor did he, while plaintiff was making the improvements, demand of plaintiff that the improvements cease. On November 6, 1935, plaintiff and one Loewy entered into a contract of sale of the premises for $12,500, which would have resulted in a profit to the plaintiff of $1,550 if the title had closed. Title was not closed and the profit was not realized. The purchaser refused to take title because of Bisnoff's claim as herein asserted.

The appellant Bisnoff contends that, because of the terms of the written agreement between himself and Kraunz, the deed given pursuant thereto constituted a mortgage upon the premises notwithstanding its absolute form, and that the deed of Kraunz to the plaintiff was in effect only an assignment of that mortgage of which the purchase-money mortgage of $2,900, executed by the plaintiff to Kraunz, was in effect only part of and a condition upon the first-mentioned assignment of mortgage. The plaintiff and the impleaded defendant, respondents, assert that the transaction constituted an absolute conveyance of the property by Bisnoff to Kraunz. They are correct in this contention. The deed from Bisnoff to Kraunz, dated December 15, 1933, thus duly recorded, was an absolute conveyance, the effect of which was not qualified in any way by the terms of the agreement executed simultaneously therewith, and recorded as a deed on December 26, 1933. (*Reich* v. *Dyer*, 180 N. Y. 107, 113; *Susman* v. *Whyard*, 149 id. 127; *Pond* v. *Harwood*, 139 id. 111, 126; *Randall* v. *Sanders*, 87 id. 578; *Hill* v. *Grant*, 46 id. 496; *Turner* v. *Turner*, 185 App. Div. 208.) The burden of showing that the deed, absolute on its face, was in fact a mortgage was upon the appellant Bisnoff. The findings demonstrate that such burden was not sustained. As a matter of law the transaction of December 15, 1933, was an absolute sale and conveyance. The plaintiff had absolute title to the property.

Further, upon the facts found, the plaintiff was a *bona fide* purchaser of the property from Kraunz without notice of Bisnoff's claim, and is, therefore, not affected by the latter's claim that the transaction of December 15, 1933, resulted only in a mortgage executed by him to Kraunz, for the reason that neither the deed nor the accompanying agreement was recorded as a mortgage. (*Dey* v. *Dunham*, 2 Johns. Ch. 182; S. C., *sub nom. Dunham* v. *Dey*,

15 Johns. 555; *Odell* v. *Montross*, 68 N. Y. 499, 503; *Matter of Mechan-i_s' Bank*, 156 App. Div. 343, 347.)    Discussion of other contentions made is unnecessary in view of our conclusions as above stated.

The appeal from the decision should be dismissed. The judgment should be affirmed, with costs.

LAZANSKY, P. J., JOHNSTON and ADEL, JJ., concur; CLOSE, J., concurs in result.

Judgment unanimously affirmed, with costs.    Appeal from decision dismissed.