■ BERTA SCHULTE et al., as Heirs at Law and Next of Kin of BERTHA S. COLOMA, Deceased, et al., Respondents-Appellants, v. JAMES J. CLERI et al., Appellants-Respondents.— Judgment, Supreme Court, New York County, entered January 5, 1971, modified on the law, to eliminate provision for compound interest and to substitute therefor simple interest, and otherwise affirmed on the opinion of Judge Fraiman at Trial Term, without costs and without disbursements. Section 320 of the Real Property Law provides as follows: "Certain deeds deemed mortgages. A deed conveying real property, which, by any other written instrument, appears to be intended only as a security in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage; and the person for whose benefit such deed is made, derives no advantage from the recording thereof, unless every writing, operating as a defeasance of the same, or explanatory of its being desired to have the effect only of a mortgage, or conditional deed, is also recorded therewith, and at the same time." A deed in form of an absolute conveyance to her co-owner of decedent's half-interest in the garage premises, had a simultaneously executed unrecorded agreement providing as follows: "Whereas, the parties of the second part have heretofore loaned and advanced to the party of the first part the sum of $9,190.00, and Whereas, the party of the first part is desirous of securing the parties of the second part in the following manner, it is Therefore * * * 1. In consideration of said loan and advance aforesaid the party of the first part has this day conveyed to the parties of the second part all of her one-half undivided right, title and interest of, in and to the following described premises". The agreement also provided that

during the lifetime of the decedent she would receive her one half of all net income from the garage, and, if it was sold during her lifetime, she would receive one half of the net proceeds less the amount of the loan with interest. The agreement obviously did not contemplate an absolute conveyance in fee, and with section 320 of the Real Property Law applied, the deed cannot have that effect. If this agreement were meant to operate as a transfer on death, then decedent's imperfectly executed holographic will would have given some indication thereof.  Concur — Markewich, J. P., Kupferman, Eager and Capozzoli, JJ.; Eager, J., dissents in the following memorandum: I would reverse and grant judgment dismissing the plaintiff's complaint.  The deed and the simultaneously executed and delivered agreement, both dated September 4, 1965, clearly spell out the intent of the parties.  The deed is in the form of an absolute conveyance of the grantor's one-half interest in the premises and the agreement provides that the grantees shall "reconvey" the premises to the grantor in the event "if at any time during the lifetime of the party of the first part [the grantor] she shall make demand therefor".  Furthermore, the agreement provides that the said party [the grantor] shall receive one half of the net rental income from the premises only during her lifetime and that " This clause shall become ineffective upon the decease of the party of the first part, and the parties of the second part are hereby thereafter released from any and [*sic*] claims or causes of action which may arise under this agreement." It was further provided in the agreement: " 6. This agreement is personal to the party of the first part and is not assignable or transferable by her under any circumstances and any such purported assignment or transfer shall be deemed void and of no force and effect.  *  *  * 8. This agreement may not be changed orally or terminated except in writing signed by the party to be charged therewith.  9. The stipulations aforesaid are to apply to and bind the heirs, executors, administrators and legal representatives of the respective parties."  There being no evidence of fraud or overreaching, the plain intendment of the contract of the parties should be given effect and the parties and their heirs and representatives should be held bound by its terms.  As a matter of law, the heirs and personal representatives of the deceased grantor, as in effect provided in the instruments, have no rights and their actions should be dismissed.  There is reference in the majority memorandum to section 320 of the Real Property Law.  It is well to note that the provision therein for the recording of the instrument of defeasance is for the purpose of giving constructive notice to subsequent purchasers and encumbrancers (see *Matter of Mechanic's Bank, Brooklyn,* 156 App. Div. 343, affd. 209 N. Y. 526; *Hoschke* v. *Hoschke,* 42 Misc. 125). Actually, under the circumstances, the failure of the parties to record the simultaneous executed and delivered agreement may be considered as some evidence that the recorded deed was not to be deemed other than an absolute conveyance of the property (cf. *Matter of Mechanic's Bank, Brooklyn, supra*). In any event, it is a well-settled rule that a party claiming a deed to be a mortgage, is bound to establish a case by clear and convincing evidence or the presumption that the deed is what it purports to be should prevail.  So, if I were not disposing of the case as a matter of law on the wording of the instruments, I would, in any event, render judgment for defendants on the ground that the plaintiffs have not sustained the burden of proof.  (See 38 N. Y. Jur., Mortgages and Deeds of Trust, § 30; *Reich* v. *Dyer,* 180 N. Y. 107; *Murray* v. *Sweasy,* 69 App. Div. 45; *515-2d St. Corp.* v. *Bisnoff,* 250 App. Div. 642; *Palmer* v. *Rotary Realty Co.,* 109 Misc. 431, affd. 193 App. Div. 887.)