In the Matter of NEW YORK STATE ELECTRIC CORPORA-TION, Respondent, against PUBLIC SERVICE COM-MISSION OF THE STATE OF NEW YORK et al., Appellants.

(Argued June 7, 1932; decided July 19, 1932.)

*Russell B. Burnside* and *Charles G. Blakeslee* for appellant.

*Randall J. Le Boeuf* for respondent.

LEHMAN, J. On March 10th, 1928, New York State Electric Corporation and New York Electric Company filed a joint petition to the Public Service Commission praying that New York State Electric Corporation be authorized, under section 69 of the Public Service Commission Law (Cons. Laws, ch. 48), to issue 38,250 shares of its common capital stock, without par value, and that the Commission grant consent, under section 70 of the Public Service Commission Law, to the acquisition of the

proposed new stock by New York Electric Company. The Commission made an order authorizing New York State Electric Corporation to issue 30,810 shares of its common stock and to sell such stock for not less than $60 per share. It refused its consent to the acquisition of such stock by New York Electric Company. In certiorari proceedings instituted to review the determination of the Public Service Commission, refusing such consent, the Appellate Division has annulled that determination. The order of the Appellate Division provides that " the said matter is remitted to the said Public Service Commission * * * to proceed therewith in accordance with the opinion of this court."

The order of the Appellate Division is a final order from which an appeal may be taken to this court as of right if the proceedings have been remitted to the Public Service Commission " merely for the mechanistic process of putting in force the decision of the Appellate Division." (*Matter of Grade Crossings*, 255 N. Y. 320.) The appeal must be dismissed if any questions of fact or law are still open for consideration and decision by the original tribunal.

We denied a motion heretofore made to dismiss the appeal (253 N. Y. 555), because the exact effect of the opinion of the Appellate Division could not be determined without a careful analysis of the contentions of the parties to this appeal which should await argument of the appeal. Only then could we determine whether the decision of the Appellate Division is conclusive upon every question of fact or law which might be raised, or leaves some questions still open for decision by the original tribunal. After such analysis, we conclude that the order is not appealable.

The denial by the Public Service Commission of consent to the acquisition of the stock by the New York Electric Company was based almost exclusively upon its construction of section 70 of the Public Service Commission Law.

It held that the petitioners sought approval for acts which offended the public policy of the State and violated the spirit if not the letter of the statute. The Appellate Division construed the statute otherwise and held that a refusal of consent on that ground was arbitrary and capricious.

We do not now consider the soundness of the conclusions stated in the majority opinion of the Appellate Division. We may not pass upon them until the final determination of the proceedings. Assuming for the present that no general public policy of the State imposes any limitation upon the power of the Public Service Commission to grant consent in its sound discretion, the Commission must still determine whether in this particular case there is reason for withholding such consent. Even assuming that the Appellate Division is correct in holding that a refusal of consent based solely on the grounds stated is arbitrary and capricious, a careful reading of the majority opinion in that court shows that it did not decide or attempt to decide that perhaps reasons of greater weight might not exist which would give firmer ground for refusal. That question rests entirely within the jurisdiction of the Public Service Commission. The order of the Appellate Division does not destroy or limit the discretion of the Public Service Commission to be exercised now as the circumstances in this case may dictate.

The appeal should be dismissed, with costs.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Appeal dismissed.