In the Matter of the Application of FRANCES FAMMLER, Appellant, for a Certiorari Order against THE BOARD OF ZONING APPEALS OF THE TOWN OF HEMPSTEAD, Respondent.— The chief building inspector of the town of Hempstead, having revoked a commercial parking privilege issued to one Corvi, the petitioner, as his agent and lessee, took an appeal to the board of zoning appeals.  That board, on September 13, 1937, denied relief.  This proceeding was instituted under article 78 of the Civil Practice Act on January 3, 1938, to review the determination of such board.  The board, through its counsel, moved to dismiss the proceeding on the ground that the application was not made within the time specified by law and was, therefore, barred.  The motion was granted.  Section 267 of the Town Law provides that such a petition for relief must be presented to the court within thirty days after the filing of the decision.  Section 1286 of article 78 of the Civil Practice Act, in effect September 1, 1937, provides that a proceeding to review a determination must be instituted by service of the petition and accompanying papers within four months after the determination to be reviewed becomes final and binding upon the petitioner.  The question presented is whether this section prescribed a uniform limit, applicable in all types of cases, and in effect repealed all of the numerous statutes providing varying terms of limitation from fifteen to forty days.  There was no express repeal of any statute. While the new statute in section 1283 abolished the classifications and writs and orders of certiorari to review, mandamus and prohibiton (except under tax laws), it provided, " Wherever in any statute reference is made to a writ or order of certiorari, mandamus or prohibition, such reference shall, so far as applicable, be deemed to refer to the proceeding authorized by this article."  The words " so far as applicable " are obscure; but they may be interpreted to mean that the remedies and limitations of other statutes are preserved.  This finds support in the Third Annual Report of the Judicial Council, which recommended the new procedure contained in the present article 78.  It was stated that injustice sometimes resulted from a mistake made by an applicant in the form of procedure he adopted and in failing to choose the proper remedy, and that there was need for greater simplicity and uniformity in proceedings in certiorari, mandamus and prohibition.  There appears to have been no change intended, except to make the four months' limitation on the institution of certiorari proceedings apply also to those relating to mandamus.  Where statutory construction in seeking the intent of the Legislature will have such far-reaching effect as would be the case here, the repeal of workable statutes by implication is not favored.  (*Matter of Tiffany*, 179 N. Y. 455, 457.)  The order is unanimously affirmed, without costs. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.