In the Matter of the Application of MIGNON M. OTTO and Sixteen Others, Petitioners, v. ALBERT STEINHILBER and Others, Constituting the Board of Appeals

of the Incorporated Village of Lynbrook, Nassau County, New York, Respondents; MICHAEL GARRAMONE, Intervening Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the board of appeals, village of Lynbrook, Nassau county, granting the intervenor's application for permission to construct a roller skating rink and accessory uses under certain imposed restrictions. Determination confirmed, with one bill of twenty dollars costs and disbursements to respondents and the intervening respondent. The intervenor's property lies partly in a commercial and partly in a residence zone. The local board of appeals having granted a variance permitting the extension of a business use into a portion of the residential district, the function of the court is to determine whether there was evidence of unnecessary hardship or practical difficulties.█ We find there was such evidence, and that the board had power to grant a variance. Under such circumstances the court may not disturb the board's discretion. Hagarty, Carswell and Adel, JJ., concur; Taylor and Close, JJ., dissent and vote to reverse, annul the determination and deny the application of the intervening respondent upon the ground that the board of appeals is without power to grant the relief given in this case. The intervening defendant is the owner of an irregular parcel of land located in the village of Lynbrook, Long Island, containing over five acres. It has a frontage on Merrick Road of 599 feet. This frontage is zoned for business purposes to a depth of 150 feet. The balance of the parcel is zoned as residential. The depth of the property varies from 495 feet on the westerly boundary to 614 feet on its easterly boundary. The defendant applied to the building superintendent for permission to utilize the entire parcel for the purpose of erecting a skating rink. This use is permitted in the business zone. The application was refused and upon appeal to the board of appeals was granted, whereupon the petitioners, owners of residences in the neighborhood, brought this proceeding to annul the determination of the board of appeals. The plot plan of the proposed improvement discloses that but a small portion of the frontage zoned for business will be utilized for the building. The rear of the proposed building is approximately 470 feet from Merrick Road and thus encroaches upon the residential area more than 300 feet. We do not believe that under the guise of a variance to avoid hardships or practical difficulties a zoning board of appeals can change the use of several acres of land in a residential area as has been done here. There is no proof in this record to show that the property under appeal is unique and cannot be put to a conforming use. What has been accomplished here under the guise of a variance is an exercise of legislative powers by the board of appeals. It has no such power. (*Dowsey* v. *Village of Kensington*, 257 N. Y. 221; *Matter of Levy* v. *Bd. of Standards & Appeals*, 267 id. 347.) To accept such a theory of variation would defeat the general purpose of the zoning law. (*Y. W. H. Assn.* v. *Bd. of Standards & Appeals*, 266 N. Y. 270.)