In the Matter of the Claim of NICHOLAS KIRILOFF, Respondent, against A. G. W. WET WASH LAUNDRY, INC.; NEW YORK INDEMNITY COMPANY et al., Respondents.

STATE INDUSTRIAL BOARD, Appellant.

Argued February 27, 1940; decided April 16, 1940.

*John J. Bennett, Jr., Attorney-General* (*Roy Wiedersum* and *Joseph A. McLaughlin* of counsel), for appellant. The decision of the Appellate Division finally determined the rights, obligations and privileges of the parties in interest and requires a mere ministerial act to effectuate it on the part of the State Industrial Board. The determination leaves no room for the exercise of judgment, discretion or judicial function by the State Industrial Board. (*Matter of Graves* v. *Tide Water Oil Sales Co.*, 275 N. Y. 583; *Matter of Burmester* v. *Maryland Casualty Co.*, 262 N. Y. 637; *Matter of Cross* v. *Whittley*, 260 N. Y. 658; *Matter of Greenberg* v. *Fox*, 272 N. Y. 549; *Matter of Ryan* v. *American Bridge Co.*, 268 N. Y. 502.)

*Archibald G. Thacher, H. Walter Reynolds, John C. Crawley* and *Howard B. Nichols* for John M. Cullen, as representative of the Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law, *amicus curiæ*. The Fund for Reopened Cases was entitled to notice and an opportunity to be heard in opposition to the allowance of any award against the Fund, but the prescribed notice was not given and the Fund was not heard until after the decision of the Appellate Division. (Cons. Laws, ch. 67, § 25-a.) The order of the Appellate Division is final. (*Matter of Neglia* v. *Zimmerman*, 237 N. Y. 131; *Matter of Vleck* v. *Parry*, 270 N. Y. 371.)

*Albert Adams* and *Albert Watman* for claimant, respondent.

CONWAY, J. The claimant was injured on December 12, 1923. Various awards were made in his favor and against

the employer and insurance carrier for temporary total disability and the case was marked closed on December 8, 1931. Application to reopen and reclassify was made July 13, 1933. At that time the employer was no longer in business and the insurance carrier was in process of liquidation. The case was reopened October 11, 1933, and successive awards on the basis of partial permanent disability were made covering the period from July 12, 1932, to May 2, 1936, and on the basis of total permanent disability covering the period from May 2, 1936, to February 26, 1937. Since its reopening the case has been continued open to date. The last payment actually made to the claimant was on January 9, 1932, covering the award from November 11, 1925, to April 20, 1927.

As a result of a letter addressed to the Chairman of the Industrial Board by counsel for claimant under date of June 30, 1937, a further hearing was held to give claimant an opportunity to produce evidence that his case came within the provisions of section 25-a of the Workmen's Compensation Law (Cons. Laws, ch. 67). No notice of that hearing was given to any representative of the Fund for Reopened Cases created by that section.

On January 4, 1938, the Board filed its notice of decision which read as follows: " The action of the Board by an unanimous vote in a memorandum of decision dated Dec. 23, 1937, was to find that the procedure suggested by claimant's attorney is not warranted and that such action would not be applicable under the terms and conditions of section 25-a. The application of the claimant for such procedure is therefore denied and the case is continued to a Referee's calendar for further consideration."

The claimant appealed from the Board's decisions, including that of January 4, 1938, to the Appellate Division, which reversed the decision of the Industrial Board and remitted the matter to that body for further action in accordance with the opinion then rendered. In effect that opinion held that the provisions of section 25-a of the Workmen's Compensation Law were applicable and that payment should be made to the claimant from the Fund for Reopened Cases.

On appeal to this court the question is presented whether the order of the Appellate Division is a final order. Clearly it is not.

The Fund for Reopened Cases is not a party to this proceeding. Section 25-a provides: " When an application for compensation is made under this section the chairman of the industrial board shall appoint a representative of such fund in such proceedings and, in so far as practicable, such representative shall be a person designated by the employer originally liable for the payment of compensation, or his insurance carrier, but whenever it shall appear to the industrial board that through any committee, board or organization or representative of the interest of the insurance carriers an attorney has been appointed to act for and on behalf of such carriers generally to represent such fund in any proceedings brought hereunder, the chairman of the board shall designate such attorney as the representative of the fund in proceedings brought to enforce a claim against such fund."

" The provisions of this chapter with respect to procedure and the right to appeal shall be preserved to the claimant and to the employer originally liable for the payment of compensation and to such fund through its representative as hereinafter provided." (§ 25-a.)

The Fund for Reopened Cases moved this court for joinder of the Fund as a party appellant and was granted leave, through Mr. John M. Cullen as its representative, to file a brief and to be heard upon the argument of the appeal as *amicus curiæ*. From the papers submitted in support of the motion and the brief it appears without question that the Fund has not had its day in court.

The Special Funds Conservation Committee, in behalf of the Fund for Reopened Cases, on October 30, 1939, applied to the Appellate Division, following its decision, for an order withdrawing the opinion of that court and remitting the matter to the Industrial Board for a rehearing on the question of the applicability of section 25-a to the present claim,

or in the alternative for reargument upon affidavits setting forth the historical background and purposes of the enactment of section 25-a in 1933. (L. 1933, ch. 384.) That motion was denied.

Thereafter the Chairman of the Industrial Board designated Mr. John M. Cullen, attorney for the Special Funds Conservation Committee, as the representative of the Fund for Reopened Cases *herein*. It is the contention of the Fund that section 25-a is not applicable to the facts here presented.

More than " purely ministerial " action is now necessary by the Industrial Board. (*Matter of Vleck* v. *Parry*, 270 N. Y. 371; Cohen on Powers of New York Court of Appeals, § 4, pp. 17, 18; *Matter of New York State Elec. Corp.* v. *Public Service Comm.*, 260 N. Y. 32; *Matter of Grade Crossings* [*N. Y. C. R. R. Co.*], 255 N. Y. 320.)

Under the remission of the Appellate Division, the Fund for Reopened Cases is entitled to be joined and heard as a party before payment to claimant from its funds may be ordered.

Jurisdiction may not be conferred upon this court by the consent of the Fund. (*Hoes* v. *Edison Gen. Elec. Co.*, 150 N. Y. 87.)

The appeal should be dismissed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and LEWIS, JJ., concur.

Appeal dismissed.