### (February 25, 1946.)

In the Matter of AUGUST MULLER et al., Individually and on Behalf of Other Persons Similarly Situated, Respondents, against ZONING BOARD OF APPEALS OF THE TOWN OF RAMAPO et al., Appellants.— Appeal by defendants from an order denying their motion to vacate and dismiss a certiorari order herein on the ground of insufficiency, and on the further ground that the sole remedy to review decisions of the Zoning Board of the Town of Ramapo is provided for in article 78 of the Civil Practice Act. Respondents' motion renewed by permission on the argument of the appeal, is granted, without costs, and the appeal is dismissed, with $10 costs and disbursements. Special Term correctly decided that the remedies provided for under section 267 of the Town Law had not been impliedly repealed by section 1283 of the Civil Practice Act. (*People ex rel. Hudson-Harlem Co.* v. *Walker*, 282 N. Y. 405–406.) Since the allegations of the petition were sufficient, as a matter of law, to support a proceeding under article 78 of the Civil Practice Act, it was proper to disregard the petitioners' misdesignation of the proceeding as one in certiorari. (*Matter of Newbrand* v. *City of Yonkers*, 285 N. Y. 164, 174–175; Civ. Prac. Act, § 105.) This proceeding was commenced within the thirty-day period required by the Town Law and the defendants were therefore not prejudiced by having the proceeding regarded as one instituted under article 78. In *Matter of Fammler* v. *Board of Zoning Appeals of Town of Hempstead* (254 App. Div. 777) the proceeding had not been brought within the thirty-day period prescribed by the

Town Law. This proceeding having been correctly regarded at Special Term as one brought under the provisions of article 78, no appeal could be taken from the order denying the motion to dismiss the "certiorari" order, except upon leave granted by Special Term. (*Matter of Clark* v. *Burke,* 268 App. Div. 864.) Although Special Term extended the time of the Zoning Board of Appeals to answer until "after the final determination by the Appellate Division or the Court of Appeals of the appeal from the order made herein on the 18th of December, 1945", Special Term did not grant leave to the Zoning Board or the other defendants to appeal from the order dated December 18, 1945. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Nolan, JJ., concur. [See *post,* p. 826.]