In the Matter of THEODORE GOMPERS, INC., Petitioner, against
CHARLES CRAFT et al., Constituting the Board of Appeals of
the Village of Roslyn, Respondents, and THE RECTOR, CHURCH
WARDEN AND VESTRYMEN OF TRINITY CHURCH AT ROSLYN, NEW
YORK, Intervener.

Supreme Court, Special Term, Nassau County, March 30, 1949.

*Morris Okoshken* and *Arthur Morris* for petitioner.

*John G. Tarrant* for respondents.

*Ward R. Burns* for intervener.

HOOLEY, J. Motion for a review under article 78 of the decision and order of the Board of Appeals of the Village of Roslyn denying the petitioner's application for a variance.

Respondents and the intervener maintain that this matter must be transferred to the Appellate Division of this court for determination. This claim is based on the fact that there was a hearing held and evidence taken and that, therefore, under subdivisions 6 and 7 of section 1296 of the Civil Practice Act the matter must be transferred to the Appellate Division in the first instance.

However, consideration must be given herein to section 179-b of the Village Law which governs the board of appeals of villages and all proceedings taken before the board of appeals, and thereafter in the court. The portion of that section which deals with the power of the court in appeals from the village zoning board of appeals provides as follows: " If upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review."

A careful reading of that section leads to the conclusion that this court has the power in the first instance to decide the questions involved herein. Under the section the court may, at the hearing at Special Term, if it feels that testimony is necessary for a proper disposition of the matter, take evidence or appoint a referee to take such evidence as it may direct. Such evidence constitutes a part of the proceedings upon which the determination is then made. By the express provisions of such statute the court may reverse or affirm, wholly or partly, or may modify the decision brought up for review. It is difficult to comprehend in that precise language any limitation on the court's authority to fully and completely pass upon the matter. It seems clear under section 179-b that in many cases a hearing before the board of appeals is contemplated and even when the court does not hold a further hearing or refer the matter to a referee, it

can decide the matter solely upon the hearing before the board of appeals. It is to be noted that even when the hearing at Special Term or before a referee is held, the further testimony must be considered together with the testimony taken before the board of appeals in deciding the matter. As was said by the Court of Appeals in *People ex rel. Hudson-Harlem Co.* v. *Walker* (282 N. Y. 400) which involved section 267 of the Town Law which is identical in language with section 179-b of the Village Law: " The purpose of that section, so far as it has been referred to, is to permit a review of the determination of the zoning board of appeals. It is specifically provided that testimony may be taken before the Special Term. It is, nevertheless, provided that the testimony so taken on the proceedings before the Special Term shall constitute only a part of the proceedings upon which the determination of the court shall be made. All proceedings before the zoning board of appeals still remained a necessary part of the record upon which the review of the proceedings of the board was to be had. *Neither expressly nor by necessary implication may the Special Term hear, try and determine the issue de novo without regard to the proceedings had, testimony taken, or decision of the board of appeals.*" (Italics supplied.)

This court regards the foregoing language and the language of section 179-b of the Village Law as determinative of the question which has been raised herein unless it may be deemed that section 1296 of the Civil Practice Act repealed, either expressly or by implication, section 179-b of the Village Law.

Section 179-b of the Village Law as it presently stands has been in effect since 1927. Article 78 of the Civil Practice Act became effective September 1, 1937. There is nothing in the latter statute to indicate an intent to repeal section 179-b of the Village Law. It is too well established to require citation that a general law passed after the enactment of a special law does not repeal the special law unless a clear intent to do so appears (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 396, and cases cited). While the hearing under section 179-b is a hearing pursuant to statutory direction if the Legislature had desired to change the clear and unambiguous language of section 179-b it could easily have done so by appropriate language to indicate that the power of the court to review was confined to cases where no hearing was held or evidence taken.

In *People ex rel. Hudson-Harlem Co.* v. *Walker* (*supra*) it was urged that article 78 of the Civil Practice Act (which includes section 1296 aforesaid) by implication at least, repealed section

267 of the Town Law (which, as has been pointed out, is identical in language with section 179-b of the Village Law). The court disagreed with this view and stated in part: " The provisions of the Town Law, under which the proceedings were brought, are adequate to furnish the relator with a full and complete review, in the first instance, of the determination of the zoning board of appeals." The Appellate Division in this department (*Matter of Muller* v. *Zoning Board of Appeals,* 270 App. Div. 824) followed that ruling.

The holding of the courts in those cases involving section 267 of the Town Law is equally applicable to section 179-b of the Village Law.

It is true that some cases involving section 267 of the Town Law and section 179-b of the Village Law have been transferred to the Appellate Division in the first instance. This was done in *Matter of Long Island Lighting Co.* v. *Griffin* (272 App. Div. 551, affd. 297 N. Y. 897). It was also done in *Matter of Otto* v. *Steinhilber* (257 App. Div. 837, revd. 282 N. Y. 71). On the other hand, in *Matter of Underhill* v. *Board of Appeals of Town of Oyster Bay* (72 N. Y. S. 2d 588) this court at Special Term decided the matter and was affirmed by the Appellate Division in 273 Appellate Division 788, and by the Court of Appeals in 297 New York 937. There are other cases, which it is unnecessary to cite, where that same procedure has been followed. But in none of the cases heretofore referred to, whether decided in the first instance by Special Term or the Appellate Division, does it appear from the record that there was any objection on the part of any of the parties involved to the procedure which was followed.

In the case at bar in view of the fact that an issue is made as to the procedure to be followed this court must pass upon the question. It holds that it has complete jurisdiction to determine the matter without transferring it to the Appellate Division.

However, if the court should be wrong, section 1296 of the Civil Practice Act adequately covers the situation since it provides in part as follows: " If the court erroneously decides that the issues in the cause are not such as to call for transfer of the cause to the appellate division, or if the converse occurs, the appellate division shall treat the cause, when the latter comes before it by appeal or transfer, as if the proper proceedings had been taken, and shall either dispose of the issues itself, or if the papers before it are not sufficient therefor, shall remit the proceeding to the proper term or court to be disposed of."

Turning now to the merits of the application, it is apparent that the basis of the appeal for a variance is an alleged vital and drastic change in the property by reason of a public improvement which it is claimed has destroyed the petitioner's property for residential purposes. However, any damage which has been occasioned to the petitioner by reason of the relocation of the highway adjoining petitioner's property will be compensated for in appropriate proceedings. It is true that some of the privacy heretofore enjoyed by petitioner's property will be ended. It is urged that petitioner's home will be in full view of automobiles using the access road to the parkway and that cars and their headlights will be visible as will be the sounds of heavy traffic. But these are conditions which many residences face and they are not deemed to be hardships. In fact, when it is considered that the parkways are beautified as they are today and that no trucks are permitted thereon it is difficult to look upon the situation herein as one involving any great hardship. It is common knowledge that thousands of homes are being built in Nassau County along or in the vicinity of parkways and there is little doubt that erecting homes near the well-landscaped Long Island Parkways is in no wise equivalent to building homes along commercial thoroughfares.

The petitioner has not shown that the property in question cannot yield a reasonable return if used only for a purpose allowed in a residence " B " district or that his plight is due to unique circumstances and not to the general conditions in the neighborhood. The petitioner failed to establish his right to a variance. The court has considered the petitioner's request for the taking of additional testimony and denies same. The other questions raised are not of sufficient moment to merit consideration. The decision of the Board of Appeals is affirmed.