In the Matter of NORTH AMERICAN HOLDING CORP., Respondent, against HARRIS H. MURDOCK et al., Constituting the Board of Standards and Appeals of the City of New York, Appellants.

First Department, December 9, 1958.

*Alfred Weinstein* of counsel (*Seymour B. Quel* and *Joseph Entel* with him on the brief; *Charles H. Tenney,* Corporation Counsel, attorney), for appellants.

*Charles Lamb* of counsel (*Lamb & Lamb,* attorneys), for respondent.

BREITEL, J. The Board of Standards and Appeals of the City of New York appeals from an order at Special Term which set aside the denial by the board of petitioner's application for a use variance under the zoning resolution. The order remitted the matter to the board for a rehearing in accordance with the views expressed in the opinion at Special Term.

The property involved, improved with an apartment house, is located on the southwest corner of the Grand Concourse and East 167th Street in The Bronx. The board had denied an application to permit the owner to convert to commercial use certain ground floor space on the side street within 100 feet of the Grand Concourse. The area was zoned for residential use, and prior applications made in 1936 and 1954 had also been denied. The dominant issues in the most recent variance proceeding were whether the change in the neighborhood and the need for a residential buffer zone for that section of the Grand Concourse had affected the owner's case for a variance. An issue which had pervaded all three applications for a variance was the fact that the space in question might not, under the law, be used for residential space. As a consequence the owner urged that it was deprived unjustly and unnecessarily of any revenue from that part of its building. Special Term in annulling the determination held that the board had erred in its interpretation of the law and the facts.

The board argues that the holding at Special Term may not be sustained on the ground that there was no basis for holding its action to be arbitrary and capricious; that in any event it had not misinterpreted the facts or erred in applying the law. The merits of the question, however, may not be reached. At the threshold, it appears that the appeal must be dismissed. An intermediate order rather than a final order is involved, and leave was not first obtained for such an appeal from Special Term pursuant to the provisions of section 1304 of the Civil Practice Act.

On the question of appealability the matter turns on whether a proceeding to review a determination of the Board of Standards and Appeals is controlled exclusively by the appropriate sections of the City Charter and the Administrative Code (New York City Charter, § 668, subd. e; Administrative Code of City of New York, § 668e–1.0), or whether the provisions of article 78 of the Civil Practice Act are also applicable. The city statutes provide for a review of board determinations by certiorari. Article 78, on the other hand, abolishes, among other things, writs of certiorari, and sets up a uniform procedure for what used to be termed special proceedings in certiorari, mandamus, and prohibition (Third Annual Report of N. Y. Judicial Council, 1937, p. 133 *et seq.*). A subsidiary issue is whether the order entered at Special Term is intermediate or final in character.

It is now well settled in the First and Second Departments, the only departments in which the issue is likely to arise, that article 78 applies to certiorari proceedings brought to review determinations of the city Board of Standards and Appeals (*Matter of Smith* v. *Board of Stds. & Appeals,* 2 A D 2d 67; cf. *Matter of Hempstead Bottling Works Corp.* v. *Patterson,* 282 App. Div. 1063). In the *Smith* case, Mr. Justice BERGAN writing for this court said (p. 69): '' The judicial process here is not the petition; it is the order; or, in the traditional practice in certiorari, the writ. To the extent that the Administrative Code is not specific in its procedural directions, the procedure set up by article 78 of the Civil Practice Act controls, since it is there provided that, whenever ' in any statute reference is made to a writ or order of certiorari * * * such reference shall, so far as applicable, be deemed to refer to the proceeding authorized by this article ' (Civ. Prac. Act, § 1283).''

In parallel situations the Second Department took a similar view (*Matter of Fammler* v. *Board of Zoning Appeals,* 254 App. Div. 777; *Matter of Muller* v. *Zoning Bd. of Appeals,* 270 App. Div. 824; *Matter of Kohnberg* v. *Murdock,* 4 A D 2d 750).

Properly read, the comments in one of the leading texts in the field are not contradictory (McGoldrick, Graubard and Horowitz, Building Regulation in New York City [1944], p. 519 *et seq.*). All that is involved is that the city statutes, insofar as they have specific provisions, serve to modify any counterpart provisions in article 78. Nor does the case of *Matter of Houston Theatre Corp.* v. *Board of Stds. & Appeals* (285 App. Div. 866) avail appellants, for there, concededly, the issue of appealability was never raised or considered.

Since article 78 is applicable, the appeal must be dismissed, if the order appealed from is intermediate rather than final. This would follow because of the failure by appellant board to first obtain leave to appeal as required by section 1304 of the Civil Practice Act.*

The mere fact that a matter is remitted to an administrative agency for further action following annulment of its determination on review in the courts does not of itself deprive the order of finality. The question always is whether the further action is merely ministerial or whether the agency still has the power and the duty to exercise quasi-judicial responsibility with respect to the issues. If all that is left for the agency to do is ministerial, then the order is final even though it contains a direction for remitter to the agency. If, on the other hand, the agency still has the power and the duty to exercise residual discretion, to take proof, or to make an independent record, its function remains quasi-judicial and the order is not final. (*Matter of Colonial Liq. Distrs.* v. *O'Connell*, 295 N. Y. 129. See, in addition, e.g., holding the remitter ministerial: *Matter of Vleck* v. *Parry*, 270 N. Y. 371; *Matter of Neglia* v. *Zimmerman*, 237 N. Y. 131; and holding the remitter quasi-judicial: *Matter of Begent* v. *Noyes*, 284 N. Y. 229; *Matter of Kiriloff* v. *A. G. W. Wet Wash Laundry*, 282 N. Y. 466; *Matter of New York State Elec. Corp.* v. *Public Service Comm.*, 260 N. Y. 32. Cf., also, *Matter of Rochester Gas & Elec. Corp.* v. *Maltbie*, 298 N. Y. 103, where the Court of Appeals dismissed the appeal without prejudice to make application to the Appellate Division to clarify whether the remitter was intended to be followed by ministerial or quasi-judicial action. For a general discussion of the problem, see Cohen and Karger, Powers of the New York Court of Appeals [rev. ed], §§ 10, 11, 12.)

The difficulties in the cases in which there has been uncertainty in determining whether the order was final or not were

* The statute reads as follows: " Unless the court directs otherwise, an appeal from an intermediate order in a proceeding under this article may be taken only in conjunction with an appeal from the final order therein."

occasioned by the qualifying language or the lack of qualifying language with which the matter was remanded to the agency. In most of the cases the agency was directed to " consider ", to " proceed ", or to " act " in the premises in accordance with the views expressed in the opinion of the court. With respect to the order in this case the language is considerably clearer. The order remands the proceeding, as noted above, for a " rehearing in accordance with the views set forth in the opinion " of the court. A rehearing involves the making of a new and independent record. It, therefore, follows that the board will be required to exercise its judgment and discretion with respect to the matters newly presented to it or re-presented to it. (*Matter of Begent* v. *Noyes, supra*; see Cohen and Karger, op. cit. § 11.) Consequently, it must be concluded that the order in this case is intermediate and not final, and the appeal may not lie without leave first having been obtained pursuant to section 1304 of the Civil Practice Act.

The situation of this case is such that it is appropriate, however, to call attention to the language of the Court of Appeals when confronted with a similar problem. In *Matter of Grade Crossings* (*New York Cent. R. R. Co.*) (255 N. Y. 320, 322) in dismissing the appeal because the remitter by the court below involved the exercise of quasi-judicial responsibility by the administrative agency it was noted: " The Commission is not, however, so bound by the decision below that it may not, after the rehearing directed by the court, continue to exercise its judgment and discretion as between the alternative plans of making the improvement. The court may not substitute its judgment for that of the Commission as to the wisdom of or policy of the order complained of or analyze or balance the evidence which was before the Commission for the purpose of determining whether it preponderates for or against the conclusion arrived at on a question of engineering plans, but may determine only whether after a fair hearing the action of the Commission is arbitrary or capricious ". (See, also, in accord: *Matter of New York State Elec. Corp.* v. *Public Service Comm.*, 260 N. Y. 32, 35, *supra*; cf. *People ex rel. Hudson-Harlem Co.* v. *Walker*, 282 N. Y. 400, 403–406.)

Accordingly, the appeal should be dismissed, as a matter of law, with costs to petitioner-respondent.

BOTEIN, P. J., M. M. FRANK, McNALLY and BERGAN, JJ., concur.

Appeal unanimously dismissed, as a matter of law, with $20 costs and disbursements to petitioner-respondent.