REVENUE CABINET, COMMON-
WEALTH OF KENTUCKY,
Appellant,

v.

MOORS RESORT, INC., Appellee.

Supreme Court of Kentucky.

Nov. 23, 1983.

Peggy D. Guier, Legal Services Section, Revenue Cabinet, Frankfort, for appellant.

Earl T. Osborne, Osborne, Deatherage & Fletcher, Paducah, for appellee.

LEIBSON, Justice.

Appellee is a corporation engaged in the business of selling and renting boats and operating a marina, restaurant and camping area.

Appellant, Revenue Cabinet, Commonwealth of Kentucky, levied an assessment for delinquent taxes against the appellee. The assessment was upheld by the Board of Tax Appeals, but reversed in part and affirmed in part in Marshall Circuit Court. The "Opinion and Judgment" of the Marshall Circuit Court found in favor of the Taxpayer on certain disputed "boat sales" and remanded to the Board of Tax Appeals to recompute the tax liability "in accordance with (the court's) opinion."

The Revenue Cabinet appealed the portion of the Marshall Circuit Court judgment finding in favor of the Taxpayer to the Kentucky Court of Appeals. This appeal was dismissed on a finding that the Marshall Circuit Court judgment was not "final or appealable pursuant to CR 54." We reverse.

The issue is whether a judgment remanding to an administrative agency for a "recomputation of amounts" is a final judgment subject to appeal or whether the judgment is not final until the amounts have been recomputed.

Appellee raised some incidental matters relating to the assessment of costs and attorneys fees. However, the circuit court judgment provides the method by which costs shall be allocated and attorneys fees were never involved in this case for reasons both statutory and procedural.

CR 54.01 provides that a judgment is final and appealable if it is "a final order adjudicating all the rights of all the parties." In *Hubbard v. Hubbard,* 303 Ky. 411, 197 S.W.2d 923, 924 (1946) we distinguished between a final order and an interlocutory judgment which "leaves something further to be done before the *rights* of the parties are determined." (Emphasis added.) See also *Hook v. Hook,* Ky., 563 S.W.2d 716 (1978).

We are cited to no Kentucky case dealing squarely with the problem before us. But the "*rights*" of the parties have been fully

determined by the circuit court judgment. If the appellant must await the recomputation of the tax liability of Moors Resort before appealing, it means the case must work its way back down to the tax assessor and then back up to the circuit court before the legal rights adjudicated by the circuit court opinion can be challenged on appeal. The potential for waste of time and expense is obvious.

A much more logical approach where there has been a remand to an administrative agency to carry out the terms of the judgment following reversal of the agency's determination on review in the courts is set out in *North American Holding Corp. v. Murdock*, 6 App.Div.2d 596, 180 N.Y.S.2d 436 (1958), aff'd 6 N.Y.2d 902, 190 N.Y.S.2d 708, 160 N.E.2d 926. The New York court states:

> "The question always is whether the further action is merely ministerial or whether the agency still has the power and the duty to exercise quasi-judicial responsibility with respect to the issues. If all that is left for the agency to do is ministerial, then the order is final even though it contains a direction for remitter to the agency. If, on the other hand, the agency still has the power and the duty to exercise residual discretion, to take proof, or to make an independent record, its function remains quasi-judicial and the order is not final." 180 N.Y.S.2d at 439.

The order of the circuit court in the present case leaves the Board of Tax Appeals no power or duty to exercise residual discretion, to take proof or to make an independent record. Its further function in this case is ministerial only. Its duty is to comply with the circuit court decree. For purposes of appeal the order of the circuit court is final.

The Kentucky Court of Appeals order dismissing this appeal is reversed and the action is remanded to the Court of Appeals to consider the appeal on its merits.

STEPHENS, C.J., and AKER, GANT, STEPHENSON and WINTERSHEIMER, JJ., concur.

VANCE, J., dissents and files herewith a dissenting opinion.

VANCE, Justice, dissenting.

I dissent only for the reason that the consideration of this appeal at this time will not necessarily finally dispose of all of the claims of the parties.

The Commonwealth claims by its assessment that the taxpayer owes a certain sum of money. The taxpayer disputes the sum claimed by the Commonwealth but agrees he is liable for a lesser amount.

The order on appeal was simply a remand to recompute the amount of tax liability on the basis of certain rulings by the trial court.

The possibility of further disputes between the taxpayer and the Commonwealth concerning the correctness of any recomputation that may be done and the entitlement of the taxpayer to an allowance for attorney's fees leave the matter unsettled. I would not consider the claim finally adjudicated until there is an order which establishes the amount of the liability of the taxpayer. All of the questions involved could then be presented in one appeal. This procedure would not delay collection of the tax by the Commonwealth because it will not be able to collect the tax in any event until the amount of liability has been established by the recomputation and the disputes, if any, about the recomputation and the possible allowance of attorney fees are finally decided.